**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE**
**SIMPSON,**

                **Plaintiffs,**

**v.**                                              **No. CIV-2012-00145 CG/LAM**

**RWI CONSTRUCTION, INC.; DAVID**
**FREDERICK; LYNDAL TROUT; RICHARD**
**ALTMAN; LEE ROWE; RON TODD; JERRY**
**CAVITT; and MATTHEW LEHMAN,**

                **Defendants.**

**DEFENDANTS'**
**MOTION TO SEVER OR, IN THE ALTERNATIVE, MOTION FOR SEPARATE TRIALS**

COME NOW Defendants RWI, David Fredrick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matt Lehman (RWI Defendants), by and through their counsel of record, Atwood, Malone, Turner & Sabin, P.A., by Bryan Evans, Carla Neusch Williams and Barbara Smith-Duer, and Defendant Ron Todd, by and through his counsel of record, Hinkle, Hensley, Shanor & Martin, by Rich Olson and Parker Folse and, pursuant to Federal Rule of Civil Procedure 42(b) and/or Rule 21, hereby move this Court for an order severing the claims of the plaintiffs into separate cases or, alternatively, separating the trials in this matter. As grounds therefore, Defendants state:

1

## I.      INTRODUCTION

The Second Amended Complaint attempts to aggregate the claims of ten plaintiffs against one corporate and seven individual defendants.  Of the ten plaintiffs, three worked in the RWI offices, two worked in the field as sanitation technicians, one was a mechanic, one was a driver on a dirt crew, and three worked on various roustabout crews in the field.  Each plaintiff joined, and left, RWI at different times, under different circumstances.  Each plaintiff complains about a unique set of circumstances that led either to his or her decision to quit, or to his or her termination. The circumstances surrounding each plaintiff's separation from employment are based upon individualized and independent factual scenarios.  Because the claims arise from different and separate transactions and occurrences, there was no reason these claims should have been joined at the outset, and it would be appropriate for them to be severed, or set for separate trials.

## II.     ARGUMENT AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 42(B), the Court, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . may order a separate trial of one or more separate issues, claims, cross-claims, counterclaims, or third-party claims." "The court has broad discretion in determining whether to sever issues at trial." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).  The "paramount consideration" in determining whether to order separate trials is "a fair and impartial trial to all litigants."  *Martin v. Bell Helicopter Co.*, 85 F.R.D. 654, 658 (D. Colo. 1980) (citations omitted).

Further, severance is also permitted pursuant to Federal Rule of Civil Procedure 21, which allows the Court to "add or drop a party" and "sever any claim against a party."  The determination of whether a party should be severed for misjoinder under this rule is made with reference to the permissive joinder rules set forth in Fed. R. Civ. P. 20.  *See Jonas v. Conrath*, 149 F.R.D. 520, 523 (W. Va. 1993) ("A district court possesses broad discretion in ruling on a requested severance under Rule 21...." *Hohlbein v. Heritage Mut. Ins. Co.,* 106 F.R.D. 73, 78 (E.D. Wis. 1985);  7 Wright, Miller & Kane, Federal Practice and Procedure §§ 1689 (2nd ed. 1986).  While Rule 21 is silent on the standard applicable for determining misjoinder, "courts have uniformly held that 'parties are misjoined when they fail to satisfy either of the preconditions for permissive joinder of parties set forth in Rule 20(a).'"  *See, e.g., Brereton v. Communications Satellite Corp.*, 116 F.R.D. 162, 163 (D.D.C. 1987);  *Gruening v. Sucic*, 89 F.R.D. 573, 574 E.D. Pa. 1981);  Wright, Miller & Kane, supra, §§ 1683, 1689.)").  Under the rules of permissive joinder (Fed. R. Civ. P. 19 and 20), allegations that do not arise from the same transaction or occurrence are not properly joined in a single lawsuit.  Regardless of whether the Court proceeds to grant Defendants' motion pursuant to Rule 21 or Rule 42(B), severance is proper.

Analyzing Federal Rule of Civil Procedure 20, the United States District Court for the District of New Mexico held that where plaintiff employees brought suit against their employer under the Americans with Disabilities Act, for discrimination and retaliation, severance of their individual claims was appropriate.  *Sheets v. CTS Wireless Components, Inc.,* 213 F. Supp. 2d 1279 (D.N.M. 2002).  In *Sheets*, the employees' claims were improperly joined because they did not arise out of the same transaction or

occurrence, or series of transactions or occurrences, pursuant to Fed. R.Civ.P. 20(a), governing permissive joinder:

> while the claims involve similar legal issues and rest upon the same legal theories, they turn on distinct facts that are unique to each of the [e]mployees. Employees were each discharged at different times for allegedly different reasons and under different circumstances. Accordingly, there is no logical relationship binding together [e]mployees' individual claims.

*Id.* at 1286-1287.

In this case, none of the plaintiffs' claims arose out of the same transaction or occurrence, but involved distinct individual circumstances that were treated as such by the defendants.  As the showing for joinder or misjoinder under Rules 20 and 21 is even more stringent than a showing under Rule 42(b) (which results in separate trials, but not completely separate cases), *Sheets* strongly supports severing the trials in this matter.

In *Wynn v. National Broadcasting Co.*, 234 F. Supp. 2d 1067 (C.D. Cal. 2002), the court addressed the issue of joinder, severance, and separate trials under Rules 20(a), 21, and 42.  The *Wynn* court cited to numerous cases addressing the issue.  The common thread running through those cases, as in the case before this Court, is that the alleged discrimination involved individuals working in different capacities, in different departments, for different supervisors and arose from separate transactions and occurrences.  Attempts by the *Wynn* plaintiffs, and plaintiffs in other cases, to evade Rule 20 by alleging a "pattern and practice" was uniformly rejected under facts such as the ones before this Court.

Alternatively, the *Wynn* court concluded that it could exercise its discretion to sever the matters under either Rule 21 or 42 "for at least two reasons: (1) to prevent jury

confusion and judicial inefficiency;  and (2) to prevent unfair prejudice to the Employer and Agency defendants."  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) [cert. denied, 533 U.S. 950 (2001)]."  *Wynn,* 234 F. Supp. 2d at 1088.  The court found that combining the cases into one piece of litigation would actually result in less efficiency than separate trials.  This was because, as in the *Quaker Oats* case, "For each plaintiff, the jury would have had to examine individually his or her employment history as well as the explanations given by Quaker for not retaining him or her, explanations that would require the testimony of each of the employee's supervisors and raters."  *Wynn,* 234 F. Supp. 2d at 1088 (quoting *Quaker Oats* at 1296).

The *Wynn* Court further concluded that severance was appropriate "for the more compelling reason of preventing unfair prejudice to Defendants that would inevitably result if all of Plaintiffs' claims were litigated in one lawsuit."  *Wynn,*234 F. Supp. 2d at 1089. As in this case, the court found there would be "substantial risk" that one defendant "will be tainted by the alleged misdeeds or another, unfairly resulting in guilt by association."  *Id.* Similarly, in *Henderson v. AT&T Corp.*, 918 F. Supp. 1059 (S.D. Tex. 1996), the court severed the claims of five employees against a single employer on the basis of prejudice to the employer.  The court found that the sheer number of witnesses testifying as to the employer's alleged wrongdoing would impermissibly prejudice the employer in the eyes of the jury.  *Id.* at 1063.

Trying all ten of these plaintiffs' cases in a single proceeding will undoubtedly, and unfairly, prejudice both the individual and corporate defendants.  Federal Rule of Civil Procedure 42(B) acknowledges this possibility, stating that separate trials are appropriate to avoid prejudice.  The need for severance to avoid prejudice is even more

apparent than it was in the *Henderson* case. In addition to the corporate defendant, named by each plaintiff, the plaintiffs have all named separate individuals as defendants.  Permitting them to be tried in a single action would create confusion for the jury, and prejudice the individual defendants, who could conceivably be "tarred" as a result of findings or conclusions with regard to a co-defendant.  Plaintiffs have affirmatively attempted to use the claims against one defendant by one plaintiff to taint the remainder.  Although one needs a flow chart to determine which claims are brought by which plaintiffs against which defendants, a close review of the Second Amended Complaint shows that many of the claims are brought by several plaintiffs against multiple defendants.[1]  This is an unequivocal attempt to have a jury conclude that allegations against a single defendant are adequate to taint them all. *See, e.g., Wynn,* 234 F. Supp. 2d at 1089 ("In fact, if Plaintiffs' complaint is any indication, their intention is precisely to use alleged ageist remarks from one employer to inculpate employers who made no such remarks, which is exactly the type of conduct that warrants severance").

The plaintiffs brought their claims in one action, despite their numerous factual and legal differences, to attempt to portray RWI and the individual defendants as bad actors.  This was a strategic procedural decision by plaintiffs' counsel, in hopes that the fact-finder assumes that where there is smoke, there must be fire.  If all of the plaintiffs' claims are tried together, each of the defendants will be unfairly prejudiced by this ploy.

---

[1] For example, Plaintiffs Palacios, Benavidez, Maldonado, Cabrera, Simpson, Romero, Tarin, and Lorang bring a variety of claims under the New Mexico Human Rights Act against all of Defendants.  Some of the claims are based on gender or race discrimination, while others are based on retaliation and harassment.  Plaintiffs are clearly attempting to make the case to a jury that Defendants discriminate against and harass everyone except white men.

The claims by the plaintiffs range from sexual harassment, to discrimination based on national origin and gender and retaliation, to violations of the Family Medical Leave Act, to run of the mill negligence.  While each of the alleged instances complained of revolve around employment at RWI, they are separate and distinct in their factual and legal bases.  The individual plaintiffs may have weak claims when examined independently, but gain unjustifiable strength when presented together. Plaintiffs are improperly counting on this unfair prejudice to further their claims.

III.   **CONCLUSION**

These defendants each acted independently, in accordance with the circumstances presented.  They should be afforded the opportunity to a trial absent the prejudice that will result if the plaintiffs are permitted to present their claims collectively. Separate trials of the plaintiffs' claims should be granted to avoid this insurmountable prejudice to the defendants. To allow plaintiffs' allegations to proceed in a single cause of action would present them with an unfairly prejudicial opportunity to pile one defendant on top of another, painting them as a group of bad actors, without regard to the employee's individual circumstances and limited grievance.  Based upon the foregoing, the Court should sever the claims of the plaintiffs into separate cases or, at the very least, order separate trials.

WHEREFORE, premises considered, Defendants respectfully pray the Court order severance of the plaintiffs' claims or, alternatively, order separate trials.

Respectfully submitted

ATWOOD, MALONE, TURNER & SABIN, P.A.


By__**Electronically Filed on 05/24/12**_____
      Bryan Evans
      Carla Neusch Williams
      Barbara Smith-Duer
      P.O. Drawer 700
      Roswell, NM 88202-0700
      (575) 622-6221
      *Attorneys for Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman*


HINKLE, HENSLEY, SHANOR & MARTIN, LLC


By__**/s/ Richard E. Olson**_____
      Richard E. Olson
      Parker Folse
      P.O. Box 10
      Roswell, NM 88202-0010
      (575) 622-6510
      *Attorneys for Defendant Ron Todd*


I HEREBY CERTIFY that on May 24, 2012, I filed the foregoing instrument electronically through the CM/ECF system, which caused all parties of record to be served by electronic means, as more fully reflected on the *Notice of Electronic Filing.*


*Electronically Filed on 05/24/12*_____
Bryan Evans