IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCIA TARIN, JIVANNA PALACIOS,          Case No. 2:12-CV-00145-CG-LAM
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,

        Plaintiffs,

v.

RWI CONSTRUCTION, INC., DAVID
FREDERICK, LYNDAL TROUT, RICHARD
ALTMAN, LEE ROWE, RON TODD, JERRY
CAVITT, and MATTHEW LEHMAN,

        Defendants.

### PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG

Plaintiffs respectfully file this Motion to Compel the production of a privilege log, as Defendants have objected more than fifty (50) times to numerous discovery responses on the basis of privilege, yet refuse to produce a privilege log.

    1.    On April 23rd, 2012, Plaintiffs served their First Set of Discovery.

    2.    On June 8th, 2012, Defendants served their Responses to Plaintiffs' First Set of Discovery. These responses were timely, as the Court allowed Defendants additional time.

    3.    Defendants objected more than fifty (50) times to discovery requests on the basis of privilege and/or the work product doctrine.[1]

---

[1] *See, e.g.*, Matthew Lehman's Response to Jivanna Palacios' Request for Production No. 5; Defendant Lee Rowe's Response to Plaintiff Ray Maldonado's Interrogatory No. 10; Defendant Frederick's Responses to Plaintiff Ray Maldonado's Interrogatory Nos. 12, 13; Defendant Cavitt's Response to Plaintiff Benavidez' Interrogatory No. 17; Defendant Frederick's Responses to Plaintiff Cabrera's Interrogatory Nos. 12-13. Defendant RWI's Responses to Plaintiff Ray Maldonado's Interrogatory Nos. 8, 9; Defendant Mathew Lehman's Responses to Ray Maldonado's Interrogatory Nos. 8, 9.

1015.bsf

4. Plaintiff Eddie Simpson's Request for Production No. 1 states: "Please provide a privilege log." Defendant RWI (as did other Defendants) responded:

> **Defendant does not possess a privilege log, and the rules of civil procedure concerning responding to requests for production do not require a party to create a document that does not otherwise exist.** If a privilege log is required, Defendant's attorneys will prepare the same and produce. (Defendant RWI's Response to Plaintiff Eddie Simpson's Request for Production No. 1; emphasis added.)

5. Defendant Todd also refuses to produce a privilege log. In Plaintiff Eddie Simpson's Request for Production No. 1, Plaintiff stated: "Please provide a privilege log." Defendant Todd replied:

> **Defendant Todd objects on the ground that this request is ambiguous, vague and non-specific. Defendant further objects on the basis that identifying documents on a privilege log responsive to an objectionable discovery request is also unduly burdensome, and seeks information beyond the scope of permissible discovery**. … (Defendant Todd's Response to Plaintiff Eddie Simpson's Request for Production No. 1; emphasis added.)

6. Defendants' refusal to provide a privilege log is baseless. Indeed, a privilege log is standard in civil litigation, and the request for one is neither vague nor ambiguous as claimed by Defendant Todd. Moreover, Plaintiffs provided the requirements of a privilege log in their Instructions. *See, e.g.,* Exhibit 7 (Plaintiff Eddie Simpson's First Set of Discovery to Defendant Ron Todd, Instructions).

7. The undersigned wrote defense counsel about their failure to produce a privilege log. *See* Exhibits 1, 2, and 6 filed herewith. Despite receiving a draft of this Motion, Defendants refuse to produce a privilege log or provide sufficient information for the undersigned to determine whether any privilege applies.

8. "The Rules place an absolute and unequivocal duty on the party withholding discovery to create a privilege log… ." *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 552 (W.D.Wash. 2004).

9. A party objecting to discovery on privilege grounds has the burden to establish the privilege. *See Pina v. Espinoza*, 2001 NMCA 55, ¶24, 29 P.3d 1062, 1069. To carry their burden, Defendants must make a "clear showing" the asserted privilege objections apply. *See McCoo v. Denny's Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000) ("*McCoo*").

10. Boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege. *See Burlington Northern & Santa Fe Railway Company v. Kepsner*, 408 F.3d 1142, 1149 (9th Cir. 2005). Rule 26 requires that a party claiming privilege "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

11. "If a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived." *Sprint Communs. Co. L.P. v. Big River Tel. Co.*, *LLC*, 2009 U.S. Dist. LEXIS 78249 at 3 (D. Kan. Sept. 2, 2009). Waiver of the claimed privilege is appropriate when the offending party acts in bad faith. *See id.*

12. As shown below, Defendants' refusal to provide *any* privilege log is the essence of bad faith and the Court should therefore deem Defendants' asserted privileges waived.

13. <u>First</u>, Defendants have not produced *any* privilege log, despite each Plaintiff specifically requesting one in Request for Production No. 1. "[T]he Federal Rules of Civil Procedure require privilege logs when otherwise discoverable information is withheld on the basis of privilege

or work product protection." *Pallaske v. Island County*, 2007 U.S. Dist. LEXIS 84357 at 4 (W.D. Wash. Nov. 5, 2007).

14. <u>Second</u>, Defendants' claim they need not produce a privilege log, as they are merely withholding communications with their clients. *See* Exhibits 2, 4. This contention is nothing more than an untenable "blanket" assertion of privilege. *See McCoo*, 192 F.R.D. at 680; *United Nuclear Corp. v. Gen. Atomic Co.*, 96 N.M. 155, 217, 629 P.2d 231, 293 (1980)("[t]he bald assertion that production of the requested information would violate a privilege [provided by law] is not enough. The party resisting discovery has the burden to clarify and explain its objections and to provide support therefor. General objections without specific support may result in waiver of the objections.")(internal quotations omitted)).

15. Defendants assert blanket objections of attorney-client privilege and work product protection throughout their Responses, including but not limited to the following.

<u>Ray Maldonado's Interrogatory No. 10 to Defendant Lee Rowe</u>:

> INTERROGATORY NO. 10: Has Defendant Lee Rowe or anyone acting on his behalf obtained a written or recorded statement from any individual concerning or related discrimination at RWI and/or to the allegations of the Second Amended Complaint? If so, please state: the name, address, and telephone number of the individual from which a statement was obtained, the name of the person from whom the statement was obtained, the date of the statement, and whether a DOCUMENT or DOCUMENTS were created as part of the process.

<u>Ray Maldonado's Interrogatory No. 12 to Defendant David Frederick</u>:

> INTERROGATORY NO. 12: Identify every email Defendant David Frederick drafted and/or receiving involving the termination of Plaintiff Ray Maldonado and/or Plaintiff Ray Maldonado leaving RWI.

16. Defendant Todd even objects to several discovery requests on the basis the requests

were <u>likely</u> to seek privileged communications.

<u>Defendant Ron Todd's Response to Silvia Cabrera's Request for Documents No. 4</u>.

>RESPONSE: Defendant Todd objects to this request on the ground that it is overly broad, non-specific, **and likely seeks communications protected by attorney-client privilege**. Subject to those objections and without waiving same, upon information and belief there are no other documents in Defendant Todd's possession, custody, or control responsive to this request…(*See, e.g.,* Defendant Todd's Responses to Cindy Lorang's Request for Documents No. 4; Defendant Todd's Responses to Jivanna Palacios' Request for Documents No. 3; emphasis added.)

<u>Silvia Cabrera's Request for Documents No. 4 to Defendant Ron Todd</u>.

>REQUEST FOR DOCUMENTS NO. 4: All DOCUMENTS evidencing communication involving Defendant Ron Todd referring to or related to the Second Amended Complaint.

17. Defendants' blanket privilege objections prevent the undersigned and the Court from determining whether each element of the asserted privilege/objection is satisfied. Defendants' burden cannot be discharged by their blanket claims of privilege.

18. Plaintiffs' requests stated above do not ask for direct communications between Defendants and their counsel. Therefore, the "privileged" nature of the communications/documents is not apparent from the requests. Indeed, the identity of the people interviewed by Defendants and their agents is not privileged. Even if attorneys were involved in the communications, any affidavits signed by witnesses are not privileged. Likewise, the fact defense counsel had communication with witnesses is not privileged.

19. In our adversarial litigation system, the undersigned are not required to trust opposing counsel that all "privileged" communications are in fact privileged. Under Defendants' "trust me" approach, a privilege log would never be required. As this Court stated in *Anaya v. CBS*

*Broadcasting*, 251 F.R.D. 645, 650 (D.N.M. 2007):

> [T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege. Information is not privileged simply because it comes from an attorney. Channeling work through a lawyer rather than having non-legal personnel perform it does not provide a basis for claiming attorney-client privilege. An in-house counsel's communications regarding business matters, management decisions, and business advice, which neither solicit or predominantly deliver legal advice, are not privileged. Including an attorney as a 'cc' addressee or on the distribution list of an interoffice e-mail communication sent to several people does not transform the e-mail into a privileged attorney-client communication. (citations and quotation marks omitted.)

20. <u>Third</u>, Plaintiffs sent a draft of this Motion to Compel to defense counsel. Counsel for Defendant Ron Todd did not bother to read the draft Motion, as he sent a reply *three (3) minutes* after the draft was sent, stating: "[w]e have told you our position." Exhibit 3. Counsel for RWI Defendants demanded Plaintiffs' legal basis *after* Plaintiffs provided a copy of the draft Motion. Apparently, they did not read the draft Motion, as relevant case law was provided. When asked for their basis for their refusal to provide a privilege log, the RWI Defendants did not respond.

Plaintiffs respectfully request the Court grant this Motion to Compel, find Defendants' refusal to produce a privilege log constitutes a waiver of their asserted privileges, order Defendants to produce all documents responsive to Plaintiffs' Requests for Production of Documents which were previously withheld based on privilege, sanction Defendants under Rule 37(a)(5), and/or order Defendants to pay Plaintiffs their reasonable attorneys' fees and costs in making this Motion.

Dated: this 16th of June, 2012.                    Respectfully submitted,

<u>/s/ Electronically signed</u>.
Ben Furth
benfurth64@yahoo.com

        Casey Fitch
        casey.fitch@gmail.com
        THE FURTH LAW FIRM, P.A.
        The Furth Building
        780 South Walnut N. 5
        Las Cruces, New Mexico 88001
        Telephone:    575-522-3996
        Facsimile:     575-532-5815

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE AND MAILING**

I hereby certify a copy of the foregoing was served via electronic mail to defense counsel.

Bryan Evans
Barbara M. Smith-Duer
Atwood, Malone, Turner & Sabin P.A.
400 North Pennsylvania
Roswell, New Mexico 88201
575-622-6221
575-624-2883

*Counsel for Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman*

Richard Olson
Parker Folse
Hinkle, Hensley, Shanor & Martin, LLP
P.O. Box 10
Roswell, New Mexico 88202-0010
575-622-6510
575-623-9332

*Counsel for Defendant Ron Todd*

/s/ Electronically signed.
Ben Furth