**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,

      Plaintiffs,

v.                                         CV 12-145 CG/LAM

RWI CONSTRUCTION, INC., DAVID
FREDERICK, LYNDAL TROUT, RICHARD
ALTMAN, LEE ROWE, RON TODD, JERRY
CAVITT, and MATTHEW LEHMAN,

      Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO SEVER

      **THIS MATTER** comes before the Court on *Defendants' Motion to Sever or, in the Alternative, Motion for Separate Trials*, (Doc. 43), *Plaintiffs' Response to Defendants' Motion to Sever, or in the Alternative, Motion for Separate Trials*, (Doc. 44), and *Defendants' Reply in Support of Motion to Sever or, in the Alternative, Motion for Separate Trials*, (Doc. 58). Defendants move under Rule 21 and Rule 42(b) of the Federal Rules of Civil Procedure for an order severing Plaintiffs' claims into separate causes of actions or, in the alternative, bifurcating Plaintiffs' claims into separate trials. (Doc. 43 at 1, 3). They argue that each Plaintiff's claim presents unique factual allegations and that the various claims do not arise out of the same transaction or occurrence. (*Id.* at 1-4). Plaintiffs contend that the motion should be denied as premature, that it should be denied because joinder was appropriate, and that conducting separate trials would waste judicial resources. (Doc. 44 at 2-16). The Court, having considered the parties' filings, the relevant law, and

otherwise being fully advised in the premises, **FINDS** that the motion is premature and should be **DENIED**.

### I.      <u>Background and Procedural Posture</u>

Ten Plaintiffs have asserted claims against Defendant RWI Construction and seven individual RWI managers and officers. (Doc. 7 at 4-6). Plaintiffs are all former RWI employees who were either terminated or constructively discharged. (*Id.* at 3-4). Plaintiffs assert that Defendants harassed them and discriminated against them based on their gender and/or race. (*Id.* at 1-36). Plaintiffs have asserted claims under Title VII of the Civil Rights Act, the New Mexico Human Rights Act, 42 U.S.C. § 1981, the Family Medical Leave Act, and New Mexico state law. (*See, generally*, *Id.* at 36-59).

Plaintiffs filed their second amended complaint on April 11, 2012, and Defendants filed their answers that same day. (Doc. 7; Doc. 9; Doc. 10). The parties exchanged their initial disclosures under Rule 26(a) of the Federal Rules of Civil Procedure and then appeared before United States Magistrate Judge Lourdes A. Martinez on May 16, 2012, for a Rule 16 Initial Scheduling Conference. (Doc. 25-27; Doc. 38). Judge Martinez found that the parties were not prepared to proceed with a scheduling order as certain matters relating to discovery and the case remained in dispute. (Doc. 38 at 1-3). Specifically, Plaintiffs indicated that they might yet move to amend the complaint to add new claimants in the action while Defendants indicated that they intended to move for separate trials. (*Id.* at 1-2). The parties have since engaged in limited written discovery, which has produced no less than eleven motions to compel discovery responses and a motion to compel Defendants to produce a privilege log. (Doc. 57; Docs. 63-72, Doc. 78). Neither the motions

to compel nor the motion to produce a privilege log have been fully briefed as of this time.

**II.    Analysis**

As noted above, Defendants seek to sever the Plaintiffs' causes of action pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Doc. 43 at 3-7). Rule 21 provides that the Court may "add or drop a party . . . [or] sever any claim against a party" if that party has not been properly joined in the action. FED. R. CIV. P. 21. In the alternative, Defendants request that the Court order separate trials under Rule 42(b), which provides that, "to avoid prejudice, or to expedite and economize, the court may order a separate trial on one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b).  Defendants argue that Plaintiffs' claims should be severed or bound over for separate trials because each Plaintiff's claim presents a unique factual and legal question:

> Of the ten Plaintiffs, three worked in the RWI offices, two worked in the field as sanitation technicians, one was a mechanic, one was a driver on a dirt crew, and three worked on various roustabouts in the field. Each Plaintiff joined, and left RWI at different times, under different circumstances. Each Plaintiff complains about a unique set of circumstances that led either to his or her decision to quit, or to his or her termination . . . Because the claims arise from different and separate transactions and occurrences, there was no reason these claims should have been joined at the outset, and it would be appropriate for them to be severed or set for separate trials.

(*Id.* at 2). They further argue that allowing joinder will result in unfair prejudice because the multiple allegations will create a substantial risk that any one Defendant will be tainted in the eyes of the jury by the alleged and unrelated misdeeds of the other Defendants. (*Id.* at 4-7).

Plaintiffs respond that the motion is premature. (Doc. 44 at 2-3). They argue that, because discovery has not been completed and no dispositive motions have been filed, it is too early to determine which claims will ultimately be presented at trial. (*Id.* at 2).

Because Plaintiffs have not yet honed which of their claims are most viable, they believe that Defendants' complaints of jury confusion and prejudice are no more than speculative at this juncture. The Court concurs.

Motions to sever under Rule 21 and motions to bifurcate under Rule 42 implicate similar policy considerations. *See, e.g.*, *Morris v. Northrop Grumman Corp.*, 37 F. Supp.2d 556, 580 (E.D. N.Y. 1999). Such factors include i) whether the claims arise out of the same transaction or occurrence or present common questions of law and fact, ii) whether separate trials would further the convenience of the parties, iii) whether separate trials would promote judicial economy, and iv) whether separate trials would avoid substantial prejudice to the parties. *Id.* (collecting cases); *see also Tri-R Sys. v. Friedman & Son*, 94 F.R.D. 726, 727 (D. Colo. 1982). However, "the mere possibility of some prejudice does not justify trials where such prejudice is not substantial and there are strong countervailing considerations of economy." *Tri-R Sys.*, 94 F.R.D. at 727.

Federal trial courts have wide discretion with regard to motions to bifurcate or sever claims. *In re EMC Corp.*, 677 F.3d 1351, (5th Cir. 2012); *United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). Such discretion, however, should be exercised only after the court is fully informed. At this time, the Court finds that it is without sufficient information to determine whether severing Plaintiffs' claims or bifurcating them is appropriate. The parties have exchanged only one set of written discovery which is currently being challenged on both sides for its completeness. Judge Martinez has not authorized any further discovery until a new Rule 16 scheduling conference can be arranged and this has not yet occurred. (Doc. 38 at 3). No depositions have been taken and the record does not reflect whether Plaintiffs have found similarly situated employees

who may wish to join the complaint.[1] The deadline to join parties has not been set since a scheduling conference has not yet been completed.

Due to the nascent stage of these proceedings, it is unclear whether allowing the case to proceed as pled would impermissibly prejudice Defendants' rights. For the same reason, it is unclear at this time whether bifurcating Plaintiffs' claims into ten separate trials would promote judicial economy. *See, e.g*, *Benitez v. Am. Standard Circuits, Inc.*, 2009 WL 742686 (N.D. Ill. Mar. 18, 2009) (Rule 21 and Rule 42 motions filed before responsive pleadings deemed premature); *Nelson v. Chertoff*, 2008 WL 4211577 (N.D. Ill. Sept. 10, 2008) (motion to sever denied because case was newly filed and minimal discovery had been completed); *Cramer v. Fedco Automotive Components Co., Inc.*, 2002 WL 1677694 (W.D. N.Y. July 18, 2002) (denying motions to sever and bifurcate as premature because discovery had barely begun).

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Sever or, in the Alternative, Motion for Separate Trials*, (Doc. 43), is hereby **DENIED** as premature. The motion may be renewed upon the development of Plaintiff's claims through discovery and/or any dispositive motions.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE

_____

[1] At the initial Rule 16 conference before Judge Martinez, Plaintiff's counsel indicated that several other RWI employees had contacted him to discuss their potential claims against RWI. (Doc. 38 at 1). It is not clear from the record what became of these conversations or whether Plaintiffs intend to seek to join additional claimants.