# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

        **Plaintiffs,**

**v.**                                **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

        **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF A PRIVILEGE LOG [Doc. 57]

**THIS MATTER** is before the Court on *Plaintiffs' Motion to Compel Production of a Privilege Log (Doc. 57)*, filed June 16, 2012.  Defendant Ron Todd and the remaining Defendants (hereinafter "RWI Defendants") filed their respective responses to the motion on July 2, 2012 [*Docs. 75* and *77*].  Plaintiffs filed their reply on July 15, 2012. [*Doc. 87*].  Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiffs' Motion to Compel Production of a Privilege Log (Doc. 57)* shall be **GRANTED in part** and **DENIED in part**.

In their third amended complaint, Plaintiffs allege gender and racial discrimination and retaliation by Defendants.  *See* [*Doc. 115*].  The Court set a Rule 16 Scheduling Conference on May 16, 2012, which was postponed pending a ruling on a motion for separate trials filed by

-1-

RWI Defendants.  *See **Clerk's Minutes*** (*Doc. 38* at 3).  The Court allowed the parties to conduct a limited amount of written discovery due to an upcoming scheduled private mediation, but stayed all pending deposition discovery and any additional discovery until the Rule 16 Scheduling Conference was completed and a Scheduling Order was entered.  *Id.*  The private mediation was unsuccessful and the motion for separate trials was denied by the presiding judge (*Doc. 85*).  The undersigned then set a Rule 16 Scheduling Conference (*Doc. 92*), which the parties moved to continue stating that Plaintiffs intended to file a motion to amend the complaint and add two additional defendants (*Doc. 96*).  The Court granted the parties' motion to continue the scheduling conference.  [*Doc. 97*].  Over the last two months, the parties have filed thirteen motions to compel based on the limited discovery the Court allowed them to undertake prior to setting a scheduling conference in this case (including the one currently before the court), as well as an opposed motion to exceed page limits in connection with one of the motions to compel and a motion to strike portions of a reply brief to one of the motions to compel.  [*Docs. 57, 63-72, 74, 78, 105* and *106*].  In addition, on August 23, 2012, the presiding judge in this case consolidated this case for discovery purposes with *Catano v. RWI Construction, Inc., et. al.*, 2:12-CV-592 GBW/LAM and *Vasquez v. RWI Construction, Inc., et al.*, 2:12-CV-609 SMV/GBW.  [*Doc. 113*].  The Court encourages the parties to make more of an effort to work together to resolve their discovery disputes as these cases progress, especially given the number of parties and attorneys involved.

In their motion to compel production of a privilege log, Plaintiffs state that Defendants have objected more than fifty times to Plaintiffs' discovery requests on the basis of privilege or the work product doctrine but have failed to produce privilege logs as required by the Federal Rules of Civil Procedure. [*Doc. 57* at 1].  Plaintiffs ask the Court to "find [that] Defendants' refusal to produce a

privilege log constitutes a waiver of their asserted privileges, order Defendants to produce all documents responsive to Plaintiffs' Requests for Production of Documents which were previously withheld based on privilege, [and] sanction Defendants under Rule 37(a)(5), and/or order Defendants to pay Plaintiffs their reasonable attorneys' fees and costs in making this Motion." [*Doc. 57* at 6].

In response, Defendants state that some of Plaintiffs' requests for production seek "direct attorney-client communications," and that Defendants are not required to produce a privilege log for such documents. [*Doc. 75* at 2] and [*Doc. 77* at 2-4]. Defendants further contend that attorney-client and work-product protected documents created "post-litigation" should not be subject to the privilege log requirement. [*Doc. 75* at 2-4] and [*Doc. 77* at 3-5].

In their reply, Plaintiffs state that they have provided a privilege log identifying all privileged communications they have had with their clients, so the Court should order Defendants to do the same. [*Doc. 87* at 1]. Plaintiffs also contend that Defendants have waived their privilege claims because they served boilerplate objections and failed to provide a privilege log within a reasonable time. *Id.* at 8-11.

Fed. R. Civ. P. 26(b)(1) states: "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense." (emphasis added). Fed. R. Civ. P. 26(b)(5)(A) (emphasis added) states:

> When a party withholds information *otherwise discoverable* by claiming that the information is privileged or subject to protection as trial-preparation material, the party must;
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed -- and do so in a manner

that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Plaintiffs fail to specify to which requests for production Defendants have objected on the basis of privilege, but instead refer to various production requests and answers throughout their motion and reply. The Court will not search through the motion, responses and reply to try to figure out which requests correlate with which objections and responses in order to determine whether Defendants may have legitimate objections to Plaintiff's discovery requests. Nevertheless, such a determination is not before the Court with regard to this motion because Plaintiffs do not ask the Court to order Defendants to produce documents or other information in response to any of the various requests referred to in their motion. Instead, Plaintiffs ask the Court to compel Defendants to comply with Fed. R. Civ. P. 26(b)(5) by providing a privilege log containing a description of the documents that have been withheld on the basis of privilege but are otherwise discoverable. The Court, therefore, will limit its discussion to that request.

Defendants are required to follow Fed. R. Civ. P. 26(b)(5) and either produce a privilege log or provide a description of documents they are withholding on the basis of privilege that are responsive to Plaintiff's discovery requests and are otherwise discoverable. The Court finds no support for Defendant's contention that communications and documents created after the filing of the complaint are not subject to the privilege log requirement. The case relied on by Defendants for this contention, *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 140 n.22 (3rd Cir. 2009), merely states that, in most cases, counsel will agree to omit from the privilege log documents that are created after the start of the litigation. Absent such an agreement, Defendants are required to follow Fed. R. Civ. P. 26(b)(5) and provide a description of any documents they are

withholding on the basis of privilege that are otherwise responsive to Plaintiff's production requests, and, of course, subject to any objections that the documents fall outside the scope of discovery.

Despite being required to comply with Rule 26(b)(5) regarding information that may have been created after this litigation started, Defendants are not required to describe privileged information that is outside the scope of the discovery.  Defendants contend that "Plaintiffs' counsel has taken the position that Defendants' counsel is required to provide a 'privilege log' for all attorney-client communications with counsel post-complaint," and that this obligation "flies in the face of an attorney's duty of confidentiality and would require supplementation throughout the entire course of litigation until disposition for every time counsel communicated with its client."  [*Doc. 75* at 3] and [*Doc. 77* at 3-4] (further stating that an obligation "to log and supplement throughout the litigation post-complaint materials would reveal litigation strategies, be time consuming and expensive, substantially burdening the process, and have an unnecessary chilling effect on attorney-client communications and counsel's preparation for trial -- essentially eviscerating the privileges") [*Doc. 75* at 4] (footnote omitted) and [*Doc. 77* at 4-5] (footnote omitted).  The Court is unaware of any requirement to provide a privilege log for *all* attorney-client communications and such a request would likely be found to be outside the scope of discovery.  Again, the Court directs the parties to Fed. R. Civ. P. 26(b)(1), which states: "Parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense" (emphasis added).  The Court rejects Plaintiffs' contention that because they have provided Defendants with a privilege log identifying all communications with their clients, the Court should order Defendants to do the same. The Court will not order Defendants to produce anything outside of what is required by the rules and case law. *See, e.g., Presbyterian Manors, Inc. v. Simplexgrinnell, L.P.*, No 09-2656-KHV,

2010 WL 4942110, at *3 (D.Kan. Nov. 30, 2010) (unpublished) (explaining that a request for production of documents that a party may use to support its claims or defenses (as required under Fed. R. Civ. P. 26(a)(1)(A)(ii) "did not implicate the attorney-client privilege or the work product doctrine").

The Court also rejects Plaintiffs' request that the Court find that Defendants have waived their claim of privilege for failure to provide a privilege log.  While courts can find that failure to comply with Rule 26(b)(5) could subject a party to waiver of privilege protection, the Court is unaware of such a harsh sanction being imposed other than in cases where there is a finding of unjustifiable delay or bad faith.  *See, e.g., Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984) (upholding the district court's ruling that a party had waived privilege protection for a document because it failed to describe the withheld document as required under the Federal Rules for several months); *see also Sprint Communications Co. v. Big River Telephone Co.,* No. 08-2046-JWL, 2009 WL 2878446 at *1 (D.Kan. Sept. 2, 2009) (unpublished) (finding no waiver of privilege where there was no indication of bad faith or undue delay).  Plaintiffs have not shown bad faith or undue delay by Defendants to the extent that a finding of waiver of privilege protection or for sanctions is warranted.  The Court cautions Defendants, however, to carefully read and comply with the rules of procedure prior to responding to discovery requests.  If Defendants object to a request on the basis of privilege, they must then comply with Rule 26(b)(5) by describing which documents are being withheld so that opposing counsel and, if necessary, the Court can determine the validity of the privilege assertion.  Furthermore, Defendants should be aware that boilerplate objections without specifying to which portion of a request they are objecting is not allowed under the rules and could result in a finding of waiver of privilege protection in the

future.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted) .

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiffs' Motion to Compel Production of a Privilege Log*** *(Doc. 57)* is **GRANTED** to the extent that Defendants must comply with Rule 26(b)(5) by describing information they have withheld on the basis of privilege that is otherwise discoverable.  The motion is **DENIED** as to the remaining relief sought by Plaintiffs.

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**