IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

      **Plaintiffs,**

v.                                                            No. 12cv0145 CG/LAM

**RWI CONSTRUCTION, INC., et al.,**

      **Defendants.**

# ORDER GRANTING IN PART RWI DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S REPLY IN SUPPORT OF MOTIONS TO COMPEL [Doc. 106]

**THIS MATTER** is before the Court on *RWI Defendants' Motion to Strike Portions of Plaintiffs' Reply in Support of Motion to Compel or[,] in the Alternative[,] Motion to Allow Filing of Surreply (Doc. 106)*, filed August 1, 2012. Plaintiffs filed their response to the motion on August 12, 2012 (*Doc. 111*), and RWI Defendants filed their reply on August 29, 2012 (*Doc. 117*). Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *RWI Defendants' Motion to Strike Portions of Plaintiffs' Reply in Support of Motion to Compel or[,] in the Alternative[,] Motion to Allow Filing of Surreply (Doc. 106)* shall be **GRANTED in part** and **DENIED in part**.

On July 23, 2012, Plaintiffs filed a reply brief in support of their ten (10) motions to compel. [*Doc. 94*]. On July 29, 2012, Plaintiffs filed an amended reply acknowledging that Defendant Todd had filed a response to the motions to compel. [*Doc. 100* at 1, n.1]. RWI Defendants contend that

Plaintiffs raised new issues in their reply and they ask the Court to strike those portions of the reply. [*Doc. 106* at 3]. Specifically, but without citations to Plaintiffs' reply brief, RWI Defendants contend that Plaintiffs raised new arguments regarding: (1) the timeliness of documents in the possession of Ed Britt; (2) discovery disputes that have already been resolved; and (3) whether Defendants should be precluded from using e-mails and an audio recording in support of their defense. *Id.* In the alternative, RWI Defendants ask the Court to allow them to file a surreply to respond to the new issues raised by Plaintiffs. *Id.* and *Doc. 106-3* (proposed surreply). In response, Plaintiffs state that they identified these issues "to show Defendants' history of questionable litigation tactics," and that they do not oppose RWI Defendants filing their proposed surreply. [*Doc. 111* at ¶¶ 2 and 7].

"Issues raised for the first time in a reply brief will not be considered." *United States v. Hardwell*, 80 F.3d 1471, 1495 (10th Cir. 1996) (citation omitted). Plaintiffs concede that these issues were raised for the first time in their reply and that they were raised, apparently, to bolster Plaintiffs' request for sanctions against Defendants. The only conduct by Defendants that is relevant to a request for sanctions in the context of Plaintiffs' motions to compel is Defendants' conduct in responding to the discovery requests at issue before the Court and not their conduct in regard to other disputes that counsel had over discovery that are not before the Court. The Court, therefore, will **grant** RWI Defendants' motion in part by striking those portions of Plaintiffs' reply that raise new issues. The Court will **deny** the motion for RWI Defendants' to file a surreply.

In addition, the Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth

submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *RWI Defendants' Motion to Strike Portions of Plaintiffs' Reply in Support of Motion to Compel or[,] in the Alternative[,] Motion to Allow Filing of Surreply (Doc. 106)* is **GRANTED in part** and **DENIED in part**. The Court will **STRIKE** those portions of Plaintiffs' reply that are raised for the first time. The Court will not consider RWI Defendants' proposed surreply.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**