# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,

        Plaintiffs,

v.                                    No. 12cv0145 CG/LAM

RWI CONSTRUCTION, INC., et al.,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF OMAYRA BENAVIDEZ' MOTION TO COMPEL [Doc. 63]

      **THIS MATTER** is before the Court on *Plaintiff Omayra Benavidez' Motion to Compel (Doc. 63)*, filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012.  [*Doc. 90*].[1]  Plaintiff filed a reply on July 23, 2012 (*Doc. 94*), and an amended reply on July 29, 2012 (*Doc. 100*).[2]  Having considered the parties' submissions,

---

[1]In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response.  [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel, indicating that this motion did not require a response by him.  [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2]It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs' motions to compel.  *See* [*Doc. 100* at 1, n.1].  The Court will cite to the amended reply.  The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues.  *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

the record of the case, and relevant law, the Court **FINDS** that *Plaintiff Omayra Benavidez' Motion to Compel (Doc. 63)* shall be **GRANTED in part** and **DENIED in part**.

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings. The Court will address each motion to compel in a separate order.

In their third amended complaint, Plaintiffs allege, *inter alia*, gender and racial discrimination and retaliation by Defendants. *See* [*Doc. 115*]. The Court set a Rule 16 Scheduling Conference on May 16, 2012, which was postponed pending a ruling on a motion for separate trials filed by RWI Defendants. *See Clerk's Minutes* (*Doc. 38* at 3). The Court allowed the parties to conduct a limited amount of written discovery due to an upcoming scheduled private mediation, but stayed all pending deposition discovery and any additional discovery until the Rule 16 Scheduling

Conference was completed and a Scheduling Order was entered. *Id.* The private mediation was unsuccessful and the motion for separate trials was denied by the presiding judge (*Doc. 85*). The undersigned then set a Rule 16 Scheduling Conference (*Doc. 92*), which the parties moved to continue stating that Plaintiffs intended to file a motion to amend the complaint and add two additional defendants (*Doc. 96*). The Court granted the parties' motion to continue the scheduling conference. [*Doc. 97*]. Over the last two months, the parties have filed thirteen motions to compel based on the limited discovery the Court allowed them to undertake prior to setting a scheduling conference in this case (including the one currently before the Court), as well as an opposed motion to exceed page limits in connection with one of the motions to compel and a motion to strike portions of a reply brief to one of the motions to compel. [*Docs. 57, 63-72, 74, 78, 105* and *106*]. On August 23, 2012, the presiding judge in this case consolidated this case for discovery purposes with *Catano v. RWI Construction, Inc., et. al.*, 2:12-CV-592 GBW/LAM and *Vasquez v. RWI Construction, Inc., et al.*, 2:12-CV-609 SMV/GBW. [*Doc. 113*]. The Court encourages the parties to make more of an effort to work together to resolve their discovery disputes as these cases progress, especially given the number of parties and attorneys involved in these cases.

In her motion to compel Plaintiff Benavidez asks the Court to find that the following responses to Plaintiff's discovery requests are deficient: Defendant RWI's responses to Request for Production ("RFP") Nos. 3 and 5 and Interrogatory Nos. 2, 3, 5, and 7; Defendant Frederick's responses to Interrogatory Nos. 1 and 8; Defendant Trout's response to Interrogatory No. 5; Defendant Cavitt's responses to Interrogatory Nos. 2, 16, 17, and 18; Defendant Lehman's responses to Interrogatory Nos. 3 and 5; and Defendant Rowe's response to Interrogatory No. 2. [*Doc. 63* at 1-15]. In their response, Defendants state that on July 13, 2012, they supplemented most of the

responses that are at issue in Plaintiff's motion.  [*Doc. 90* at 2].  Plaintiff, however, states in her reply that the following discovery requests are still at issue regarding this motion: (1) Defendant RWI's response to Plaintiff's Interrogatory No. 2; and (2) Defendant Cavitt's response to Plaintiff's Interrogatory Nos. 16 and 17.  [*Doc. 100* at 3].

In addition to the disputed discovery requests, the parties also dispute the following: (1) whether Plaintiffs made a good faith effort to meet and confer with RWI Defendants prior to filing their motions to compel (*Doc. 90* at 1-3 and *Doc. 100* at 2); (2) whether Defendants are required to produce a privilege log (*Doc. 63* at 11-12, *Doc. 90* at 3-6 and *Doc. 100* at 2 n.2); (3) whether Defendants properly identified the documents they produced (*Doc. 63* at 6 and 11, *Doc. 90* at 6-9 and *Doc. 100* at 4); (4) whether Defendants have failed to produce relevant e-mails as part of their initial disclosures (*Doc. 63* at 2-3, *Doc. 90* at 9-10 and *Doc. 100* at 7-9); (5) whether the value of individual Defendants' equity interests in RWI is discoverable (*Doc. 63* at 8-9, *Doc. 90* at 10-11 and *Doc. 100* at 9-10); (6) whether redaction of personnel files is appropriate (*Doc. 90* at 11); and (7) whether the names of individuals interviewed by Defendants are discoverable (*Doc. 63* at 11, *Doc. 90* at 11-12 and *Doc. 100* at 10-11).  The Court will not address in the abstract the parties' disputes regarding whether the value of individual Defendants' equity interests in RWI is discoverable, whether redaction of personnel files is appropriate, and whether the names of individuals interviewed by Defendants are discoverable.  To the extent those disputes are relevant to specific discovery requests that are still at issue, the Court will address them in its discussion of those discovery disputes.  The Court addresses the parties' remaining disputes as follows:

**Meet and Confer**

Defendants state that Plaintiffs failed to make a good faith effort to resolve the disputed discovery responses prior to filing their motions to compel, and that Defendants had agreed to supplement their responses by July 13, 2012, but Plaintiffs filed the motion before the supplementation had occurred.  [*Doc. 90* at 1-2].  Plaintiffs respond that they sent Defendants a request for supplementation as well as several communications and a draft of the motion to compel prior to filing the motion, and that they were required under the local rules to file their motions to compel by June 29, 2012.  [*Doc. 100* at 2].  The Court finds that Plaintiffs adequately followed the requirement in Fed. R. Civ. P. 37 to make a good-faith effort to meet and confer prior to filing a motion to compel because they notified Defendants of the deficiencies in their discovery responses and gave them as much time as they could before they were required to file their motions.

**Privilege Log**

Regarding the dispute over production of a privilege log, the Court has already entered an order on Plaintiffs' motion to compel Defendants to produce a privilege log (*Doc. 119*).  The Court directs Defendants to follow the requirements set forth in that order regarding production of a privilege log.

**Identification of Documents**

Plaintiffs contend that Defendant RWI failed to adequately identify documents responsive to Interrogatory No. 7, and instead just produced a box of documents without organizing them.  [*Doc. 63* at 6].  Defendants respond that they have organized and identified the documents that they have produced to Plaintiffs.  [*Doc. 90* at 6].  Plaintiffs state that Defendants did produce organized documents after Plaintiffs filed their motions to compel, but that Defendants original production was

not organized.  [*Doc. 100* at 6].  To the extent Defendants have not supplemented their original production to provide adequate organization and identification as required by Fed. R. Civ. P. 33(d)(1), the Court will order Defendants to supplement or revise their original production so that Plaintiffs can locate and identify the responsive documents.  *See* Fed. R. Civ. P. 33(d)(1) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . ., the responding party may answer by[] specifying the records that must be reviewed, *in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could*.") (emphasis added).

### Production of E-Mails

Defendants state that they have produced all of the e-mails that were responsive to Plaintiffs' discovery requests and, in addition, have produced spreadsheets listing all e-mails, whether responsive or not, for Plaintiffs Tarin, Benavidez and Palacios, and all of Defendants' e-mails through January 4, 2012.  [*Doc. 90* at 9-10].  In reply, Plaintiffs contend that Defendants "rely on the emails for their defense [and] were *required* to produce them in their Initial Disclosures [and that] [t]hey did not."  [*Doc. 100* at 7].  Plaintiffs allege that this "failure to produce these emails violates Rule 26."  *Id.*

Defendants' counsel offered to allow Plaintiffs' counsel to review the e-mails listed in the spreadsheets at Defendants' counsel's office in Roswell, New Mexico, where Defendants would make arrangements to copy any documents Plaintiffs wanted, reserving the right to mark any of the documents "confidential" pursuant to the parties' confidentiality order.  *Id.* and [*Doc. 100* at 7 and Exhibit 10].  A meeting was set between counsel for the parties in Roswell but Plaintiffs' counsel cancelled it and, instead, demanded production of all e-mails listed in the spreadsheets.  [*Doc. 90*

at 10].  Plaintiffs contend that allowing Defense counsel to discover which documents Plaintiffs choose to copy "violates the work product doctrine." [*Doc. 100* at 7].  Plaintiffs contend that Defendants should produce all of the e-mails referenced in the spreadsheets.  *Id.* at 7-8.

The Court finds that Defendants have complied with Rule 26 by producing all relevant e-mails and by agreeing to make available to Plaintiffs all e-mails listed in the spreadsheets.  *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring parties to provide "a copy -- *or a description by category and location* -- of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses") (emphasis added).  Plaintiffs provide no support for their contention that it would violate the work product doctrine to have Defendants copy e-mails that Plaintiffs want from the spreadsheets, and the Court is unaware of any rule or case that disallows such practice.  The Court, therefore, will **deny** the motion regarding this issue.

## Defendant RWI's Response to Interrogatory No. 2

Interrogatory No. 2 asks Defendant RWI to "[i]dentify the first date Defendant RWI Construction Inc. was on notice Plaintiff Amara Benavidez had reported and/or complained of discrimination, including how Defendant RWI Construction Inc. was informed, the substance of what was communicated, who witnessed the communication(s), and what remedial action Defendant RWI Construction Inc. took."  [*Doc. 63* at 4].  Defendant RWI's response to the RFP was that Plaintiff "did not report discrimination while she was employed at RWI Construction, Inc.," that "[a]fter Ms. Benavidez left her employment she wrote a letter to Matt Lehman and Tim Layton complaining about her termination," and that Defendant RWI "investigated the allegation that Stephanie Blount and Jerry Cavitt were having an affair."  *Id.*

Plaintiff contends that this answer is "evasive and incomplete" because "it does not identify the date Defendant Matt Lehman or Tim Layton received the letter identified in Defendant's answer, the substance of the letter, or who else reviewed/observed the letter." *Id.* Defendants do not address Plaintiff's contention regarding this interrogatory in their response. The Court finds that Defendant RWI has failed to adequately answer the interrogatory by failing to identify the date Defendant RWI learned of Plaintiff reporting and/or complaining of discrimination, the substance of the complaint, and who witnessed the communication. Therefore, the Court will **grant** this request and require Defendant RWI to supplement its response to this interrogatory.

### Defendant Cavitt's Responses to Interrogatory Nos. 16 and 17

Interrogatory No. 16 asks Defendant Cavitt whether he or anyone acting on his behalf "interviewed any individual concerning or related to discrimination at RWI and/or the allegations of the Second Amended Complaint," and, if so, to state "the name, address, and telephone number of the person interviewed, who did the interview, the date of the interview, and whether a DOCUMENT or DOCUMENTS were created as part of the process." [*Doc. 63* at 10]. Interrogatory No. 17 asks Defendant Cavitt to give the same information for any written or recorded statements he, or anyone acting on his behalf, obtained regarding discrimination at RWI or the allegations in the Second Amended Complaint. *Id.* at 11. Defendant Cavitt objected to these interrogatories to the extent they seek privileged information, and that they are overbroad and unduly burdensome to the extent they seek information concerning anyone other than Plaintiff Benavidez. *Id.* at 10-11. Defendant Cavitt responded to the interrogatories by stating that he "received a statement from Lyndal Trout on October 7, 2011 regarding the reasons for Ms. Benavidez' termination." *Id.*

-8-

Plaintiff contends that Defendant Cavitt failed to adequately respond to these interrogatories because the information requested is not privileged and because Defendant Cavitt improperly segregated his responses to just Plaintiff Benavidez, yet the interrogatories ask for information about interviews regarding any discrimination at RWI and the allegations in the complaint, not just regarding Plaintiff Benavidez. The Court agrees that Defendant Cavitt did not completely answer the interrogatories because he failed to state whether any documents were created as part of the statement he received from Lyndal Trout, and because Defendant Cavitt improperly limited his responses to discrimination relating to Plaintiff Benavidez. The interrogatories are not overly broad to the extent they seek information regarding discrimination at RWI or the allegations in the complaint because that information is relevant to the parties' claims and defenses. Defendant Cavitt does not provide any support for his objection that the interrogatory is overly burdensome. The Court, therefore, will **grant** the motion as to these interrogatories and will require Defendant Cavitt to supplement his answers as to whether any documents were created as part of Mr. Trout's statement, and to expand his answer to include any interviews or statements obtained regarding discrimination at RWI or the allegations in the complaint.

In addition, the Court cautions Defendants that their use of boilerplate, blanket objections are improper. *See Oleson v. Kmart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted). A proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as "vague,"

"ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiff Omayra Benavidez' Motion to Compel*** *(Doc. 63)* is **GRANTED in part** and **DENIED in part** as follows:

1.     RWI Defendants shall supplement their initial document production to Plaintiffs as needed to provide a way for Plaintiffs to locate and identify responsive documents, as required by Fed. R. Civ. P. 33(d)(1) and indicated herein, **by September 21, 2012**;

2.     Defendant RWI shall supplement its response to <u>Interrogatory No. 2</u> as indicated herein **by September 21, 2012**;

3.     Defendant Cavitt shall supplement his responses to <u>Interrogatory Nos. 16 and 17</u> as indicated herein **by September 21, 2012**; and

4.     Plaintiff's motion to compel is **DENIED** as to all other relief requested as indicated herein.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**