**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

      **Plaintiffs,**

v.                                         **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

      **Defendants.**

## ORDER DENYING AS MOOT PLAINTIFF SILVIA CABRERA'S MOTION TO COMPEL [Doc. 64]

**THIS MATTER** is before the Court on *Plaintiff Silvia Cabrera's Motion to Compel (Doc. 64)*, filed June 28, 2012. Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012. [*Doc. 90*].[1] Plaintiff filed a reply on July 23, 2012 (*Doc. 94*), and an amended reply on July 29, 2012 (*Doc. 100*).[2] Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiff Silvia Cabrera's Motion to Compel (Doc. 64)* shall be **DENIED as moot**.

---

[1] In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1]. Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel, indicating that this motion did not require a response by him. [*Doc. 83* at 1]. The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2] It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs' motions to compel. *See* [*Doc. 100* at 1, n.1]. The Court will cite to the amended reply. The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues. *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings. The Court will address each motion to compel in a separate order.

In her motion to compel, Plaintiff Cabrera asks the Court to find that Defendant Frederick's responses to Interrogatory Nos. 3, 7, 12, and 13 are deficient. [*Doc. 64* at 1-8]. In their response, Defendants state they have supplemented most of their responses to Plaintiffs' discovery requests. [*Doc. 90* at 2]. In her reply, Plaintiff lists the discovery responses that are still at issue after Defendants' supplemental responses, and the interrogatories in Plaintiff Cabrerara's motion are not included. [*Doc. 100* at 3-4]. Since Defendants' responses to these interrogatories are no longer in dispute, the Court will **deny as moot** Plaintiff's motion as to these interrogatories.

In addition, the parties dispute whether Defendants are required to produce a privilege log. [*Doc. 64* at 4, 6; *Doc. 90* at 3-6; and *Doc. 100* at 2 n.2].  The Court has already entered an order on Plaintiffs' motion to compel Defendants to produce a privilege log (*Doc. 119*), which covers the arguments raised by the parties here.  The Court directs Defendants to follow the requirements set forth in that order regarding production of a privilege log.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Plaintiff Silvia Cabrera's Motion to Compel (Doc. 64)* is **DENIED as moot**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**