# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

        **Plaintiffs,**

**v.**                                    **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

        **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ALBERTO FLORES' MOTION TO COMPEL [Doc. 65]

    **THIS MATTER** is before the Court on ***Plaintiff Alberto Flores' Motion to Compel*** *(Doc. 65)*, filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012 (*Doc. 90*), and Defendant Todd filed his response on July 11, 2012 (*Doc. 83*).[1]  Plaintiff filed a reply to RWI Defendants' response on July 23, 2012 (*Doc. 94*), an amended reply to RWI Defendants' response on July 29, 2012 (*Doc. 100*), and a reply to Defendant Todd's response on July 29, 2012 (*Doc. 101*).[2]  Having considered the parties'

---

[1]In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel. [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2]It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs'
(continued...)

submissions, the record of the case, and relevant law, the Court **FINDS** that ***Plaintiff Alberto Flores'***

***Motion to Compel (Doc. 65)*** shall be **GRANTED in part** and **DENIED in part**.

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to

compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two

documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*].

Plaintiffs filed a consolidated reply to the two responses, addressing those matters still at issue in

their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court

cautions all parties in this case that a separate responsive pleading addressing each motion is required

by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992)

("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings,

a separate pleading addressing each motion or other pleading to which a response is made."). In the

future, the parties shall file a separate response and reply to every motion filed instead of a single

response and reply addressing multiple motions. The parties' failure to follow this rule regarding

Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and

delay in its rulings. The Court will address each motion to compel in a separate order.

In his motion to compel, Plaintiff Flores asks the Court to find that the following responses

to Plaintiff's discovery requests are deficient: Defendant Ron Todd's responses to Request for

Production ("RFP") Nos. 6 and 12; Defendant RWI's responses to RFP Nos. 5 and 12 and

Interrogatory Nos. 5, 8, 12 and 14; Defendant Lehman's responses to RFP Nos. 9 and 12 and

---

[2](...continued)

motions to compel. *See* [*Doc. 100* at 1, n.1]. The Court will cite to the amended reply. The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues. *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

Interrogatory No. 5; Defendant Rowe's responses to RFP Nos. 4, 9, 17, and 18; Defendant Frederick's responses to RFP Nos. 8, 17, and 18 and Interrogatory Nos. 10 and 15.  [*Doc. 65*]. RWI Defendants state they have supplemented most of the responses that are at issue in Plaintiff's motion (*Doc. 90* at 2), however, Plaintiffs state in their reply to RWI Defendants' response that Defendant Frederick's response to Interrogatory No. 15 is still at issue.  [*Doc. 100* at 4].  In addition, Plaintiffs state that Defendant Todd's responses to RFP Nos. 6 and 12 are still at issue.  [*Doc. 101* at 3-4].

### Defendant Frederick's Response to Interrogatory No. 15

Interrogatory No. 15 asks Defendant Frederick to identify each time from January 1, 2007 to the present that he "observed and/or heard any of [the] individually-named Defendant(s) communicate a sexist and/or racist comment(s) and/or derogatory statement(s) about women or minorities, including when the communication(s) was made, the substance of the communication(s), and who witnessed the communication(s)."  [*Doc. 65* at 20].  Defendant Frederick objected to the interrogatory "to the extent that it seeks information regarding comments made to women," and stated, "Alberto Flores is not making a claim for sexual harassment or gender discrimination."  *Id.* Defendant Frederick then responded: "Without waiving the foregoing objections, Defendant Frederick states that he has no information responsive to this interrogatory."  *Id.*

Plaintiff contends that "Defendant cannot segregate the response to Plaintiff only, as the Request seeks information regarding all sexist and racist comments Defendant observed/heard from any other Defendant," and that "[e]ach racist and sexist comment contributes to RWI's hostile working environment."  *Id.*  Defendants do not address Plaintiff's contention regarding this interrogatory in their response.  The Court finds that the interrogatory is relevant to the

discrimination claims at issue in this case, and Defendant Frederick failed to adequately answer the interrogatory by limiting his response to exclude comments made to women. Therefore, the Court will **grant** this request and require Defendant Frederick to supplement his response to this interrogatory to include information regarding comments made to women.

### Defendant Todd's Response to RFP No. 6

Plaintiff Flores' RFP No. 6 to Defendant Todd asks for documents "evidencing Defendant Ron Todd's ownership in, and/or agreement to purchase, any interest in RWI Acquisition, LLC and/or RWI Construction Inc. and/or any entity owning any interest in RWI Acquisition, LLC and/or RWI Construction Inc." [*Doc. 65* at 1-2]. Defendant Todd objected to this request because it is not limited to a time period or to subject matter relevant to any claims or defenses at issue in this case. *Id.* at 2. Defendant Todd also objects that the request is overly broad and seeks discovery of protected proprietary and confidential information, as well as information protected by the attorney-client communication and work product privileges. *Id.* Defendant Todd states that he has withheld documents responsive to this request and he will identify any privileged documents that are responsive to the request if the Court overrules his objection. *Id.*

Plaintiffs state that these documents are relevant because Defendant Todd may be liable as an owner and may be relevant to Defendant Todd's affirmative defense under *Faragher v. Boca Raton*, 524 U.S. 775 (1998). *Id.* Plaintiffs explain that the documents may show how much discrimination was tolerated by other defendants by showing how much equity Defendant Todd was awarded. [*Doc. 101* at 3-4]. In their reply to Defendant Todd's response, Plaintiffs limit the time period for this request from January 1, 2006 to the present. *Id.* at 3.

The Court finds that Plaintiffs have failed to show how documents regarding Defendant Todd's ownership in or agreement to purchase an interest in RWI Acquisition, LLC or RWI Construction Inc. are relevant to the parties' claims or defenses in this case. There does not appear to be a dispute regarding Defendant Todd's ownership in the companies, and it is that ownership status, not the amount of equity owned, that may be relevant to Defendant Todd's *Faragher* defense. Plaintiffs fail to explain how the amount of equity Defendant Todd owned in one of these companies is related to any tolerance of discrimination on his part. The Court, therefore, will **deny** this request.

### Defendant Todd's Response to RFP No. 12

RFP No. 12 asks for all documents identified in Defendant Todd's answers and/or responses to any of Plaintiff Flores' discovery requests. [*Doc. 65* at 4]. Defendant Todd responded that he had not identified any documents responsive to Plaintiff Flores' discovery requests. *Id.* Plaintiffs contend that Defendant Todd has identified documents responsive to RFP No. 6 that have been withheld and that he should produce those documents and a privilege log for any responsive documents that have been withheld. *Id.* at 4-5. The Court has already entered an order on Plaintiffs' motion to compel Defendants to produce a privilege log (*Doc. 119*), which covers the arguments raised by the parties here. The Court directs Defendant Todd to follow the requirements set forth in that order regarding production of a privilege log. Because the Court has denied Plaintiff's motion to compel as to RFP No. 6, however, Defendant Todd does not need to provide a privilege log for documents responsive to that RFP.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiff Alberto Flores' Motion to Compel (Doc. 65)* is **GRANTED in part** and **DENIED in part** as follows:

-5-

1.      Defendant Frederick shall supplement his response to <u>Interrogatory No. 15</u> as indicated herein **by September 21, 2012**; and

2.      Plaintiff's motion to compel is **DENIED** as to all other relief requested as indicated herein.

**IT IS SO ORDERED.**


_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**