# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

        **Plaintiffs,**

**v.**                                                                                 **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

        **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF CINDY LORANG'S MOTION TO COMPEL [Doc. 66]

        **THIS MATTER** is before the Court on *Plaintiff Cindy Lorang's Motion to Compel (Doc. 66),* filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012. [*Doc. 90*].[1]  Plaintiff filed a reply on July 23, 2012 (*Doc. 94*), and an amended reply on July 29, 2012 (*Doc. 100*).[2]  Having considered the parties' submissions,

_____

[1]In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel, indicating that this motion did not require a response by him. [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2]It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs' motions to compel.  *See* [*Doc. 100* at 1, n.1].  The Court will cite to the amended reply.  The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues.  *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

the record of the case, and relevant law, the Court **FINDS** that ***Plaintiff Cindy Lorang's Motion to Compel (Doc. 66)*** shall be **GRANTED in part** and **DENIED in part**.

As a preliminary  matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel.  [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*].  The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88.  D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made.").  In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions.  The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings.  The Court will address each motion to compel in a separate order.

In her motion to compel, Plaintiff Lorang asks the Court to find that the following responses to Plaintiff's discovery requests are deficient: Defendant RWI's responses to Interrogatory Nos. 2 and 15; Defendant Trout's responses to Request for Production ("RFP") No. 13 and Interrogatory Nos. 12 and 13; Defendant Rowe's responses to RFP Nos. 5, 9, 10, 16, 17, 18 and 19; Defendant Altman's responses to RFP No. 6 and Interrogatory Nos. 5, 12 and 20; Defendant Lehman's responses to RFP Nos. 6 and 17 and Interrogatory Nos. 5 and 13; Defendant Frederick's responses

to Interrogatory No. 3.  [*Doc. 66*].  In their response, Defendants state they have supplemented most of the responses that are at issue in Plaintiff's motion.  [*Doc. 90* at 2].  Plaintiff, however, states in her reply the following discovery requests are still at issue regarding this motion: Defendant Lehman's responses to Plaintiff's RFP No. 17 and Interrogatory Nos. 5 and 13. [*Doc. 100* at 3].

### Defendant Lehman's Responses to RFP No. 17 and Interrogatory No. 13

RFP No. 17 asks Defendant Lehman to produce all non-privileged documents "involving Defendant Mathew Lehman and any of the other named Defendants on the Second Amended Complaint related to the factual allegations contained in the Second Amended Complaint." [*Doc. 66* at 14].  Interrogatory No. 13 asks Defendant Lehman to identify all non-privileged communications involving Defendant Lehman regarding the allegations in the Second Amended Complaint.  *Id.* at 15.  Defendant Lehman objected to both of these discovery requests on the grounds that they are overly broad and seek documents irrelevant to Plaintiff Lorang's claims, and then responded that Defendant Lehman had no documents responsive to RFP 17 or Interrogatory 13 other than providing a copy of a letter from Ms. Benavidez to Mr. Rowe.  *Id.* at 14-15.  Defendant Lehman fails to explain why the requests are overly broad, and the Court does not see how documents and communications related to the factual allegations in the complaint would not be relevant to the parties' claims or defenses.  Defendant does not provide any support as to why these requests should be limited to documents and communications only involving Plaintiff Lorang's claims, especially since Defendant Lehman has been sued by all Plaintiffs, not just Plaintiff Lorang, and information relating to other Plaintiffs can be used by Plaintiff Lorang to support her hostile work environment claim.  *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987)

(holding that evidence that other employees had been harassed is relevant to a different employee's hostile work environment claim); *see also* Fed. R. Civ. P. 33(a)(1) ("a party may serve [interrogatories] *on any other party*") (emphasis added); Fed. R. Civ. P. 34(a) ("a party may serve [discovery requests] *on any other party*") (emphasis added), and Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense*.") (emphasis added).   Therefore, the Court will **grant** these requests and require Defendant Lehman to supplement its response to RFP No. 17 and Interrogatory No. 13.

### Defendant Lehman's Responses to Interrogatory No. 5

Interrogatory No. 5 asks Defendant Lehman whether he contends that Plaintiff Lorang was not damaged by the wrongful conduct alleged in the Second Amended Complaint and, if so, to identify the factual basis for this contention.  [*Doc. 66* at 14-15].  Defendant Lehman responded by stating that he denies the allegations in the complaint and that he cannot state at this time what damages Plaintiff Lorang may have suffered.  *Id.* at 15.  Plaintiff states that this answer is evasive because it is limited to Plaintiff Lorang only.  The Court finds that Defendant Lehman adequately answered this interrogatory because it is specifically limited to Plaintiff Lorang's damages.  In contrast to Interrogatory No. 13, which asks for information relating to all of the allegations in the complaint, Interrogatory No. 5 is limited to Plaintiff Lorang and Defendant Lehman understandably limited his answer to that information.  The Court will **deny** this request.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiff Cindy Lorang's Motion to Compel (Doc. 66)* is GRANTED in part** and **DENIED in part** as follows:

1.      Defendant Lehman shall supplement his responses to <u>Request for Production No. 17 and Interrogatory No. 13</u> as indicated herein **by September 21, 2012**; and

-4-

      2.      Plaintiff's motion to compel is **DENIED** as to all other relief requested as indicated herein.

      **IT IS SO ORDERED.**

 

                                        *Lourdes a. Martinez*

                                        **LOURDES A. MARTÍNEZ**
                                        **UNITED STATES MAGISTRATE JUDGE**