# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,**

        **Plaintiffs,**

**v.**                                    **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

        **Defendants.**

## ORDER DENYING PLAINTIFF ISALA MALDONADO'S MOTION TO COMPEL [Doc. 67]

**THIS MATTER** is before the Court on *Plaintiff Isala Maldonado's Motion to Compel (Doc. 67)*, filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012 (*Doc. 90*), and Defendant Todd filed his response on July 11, 2012 (*Doc. 83*).[1]  Plaintiff filed a reply to RWI Defendants' response on July 23, 2012 (*Doc. 94*), an amended reply to RWI Defendants' response on July 29, 2012 (*Doc. 100*), and a reply to Defendant Todd's response on July 29, 2012 (*Doc. 101*).[2]  Having considered the parties'

---

[1] In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel. [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2] It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs'
(continued...)

submissions, the record of the case, and relevant law, the Court **FINDS** that ***Plaintiff Isala Maldonado's Motion to Compel** (Doc. 67)* shall be **DENIED**.

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings. The Court will address each motion to compel in a separate order.

In her motion to compel, Plaintiff Maldonado asks the Court to find that the following responses to Plaintiff's discovery requests are deficient: Defendant RWI's responses to Interrogatory Nos. 3 and 5; Defendant Trout's response to Interrogatory No. 5; and Defendant Todd's response to Interrogatory No. 2. [*Doc. 67* at 1-4]. RWI Defendants state they have supplemented most of the

---

[2](...continued)

motions to compel. *See* [*Doc. 100* at 1, n.1]. The Court will cite to the amended reply. The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues. *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

responses that are at issue in Plaintiff's motion (*Doc. 90* at 2), which is not disputed by Plaintiffs in their reply to RWI Defendants' response (*Doc. 100* at 3-4).  However, Plaintiffs state that Defendant Todd's response to Plaintiff Isala Maldonado's Interrogatory No. 2 is still at issue.  [*Doc. 101* at 2-3].

### Defendant Todd's Response to Interrogatory No. 2

Interrogatory No. 2 asks Defendant Todd to identify any documents related to the Second Amended Complaint or to Defendant Todd's affirmative defenses that have been lost, misplaced, or destroyed, and to describe how they were lost, misplaced or destroyed.  [*Doc. 67* at 4]. Defendant Todd responded that "[m]ost documents that Defendant Todd intends to rely on for affirmative defenses or that relate to any aspect of the Second Amended Complaint are not in Defendant Todd's possession, custody, or control and therefore he does not have knowledge as to whether any documents have been lost, misplaced or destroyed."  *Id.*  Plaintiff contends that this answer is evasive because Defendant Todd fails to answer whether any of the documents in his possession on which he intends to rely have been lost, misplaced or destroyed.  *Id.*  Defendant Todd explained in his response that as of January 2011 he was no longer employed at RWI and that he no longer has possession, custody or control of documents that would be responsive to this request. [*Doc. 83* at 4].  He further states that he has already produced all of the documents in his possession that are responsive to the request, and he has no knowledge as to what has happened to documents in the possession of RWI that he may rely upon in his defense.  *Id.*  The Court finds that Defendant Todd has adequately answered the interrogatory -- Defendant Todd has stated that he has no knowledge as to whether any documents responsive to this interrogatory have been lost, misplaced or destroyed.  The Court will **deny** the request.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Plaintiff Isala Maldonado's Motion to Compel (Doc. 67)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**