## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

              **Plaintiffs,**

**v.**                                                   **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

              **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF JIVANNA PALACIOS' MOTION TO COMPEL [Doc. 69]

        **THIS MATTER** is before the Court on ***Plaintiff Jivanna Palacios' Motion to Compel***

*(Doc. 69)*, filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout,

Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants")

filed their response on July 16, 2012 (*Doc. 90*), and Defendant Todd filed his response on July 11,

2012 (*Doc. 83*).[1]  Plaintiff filed a reply to RWI Defendants' response on July 23, 2012 (*Doc. 94*),

an amended reply to RWI Defendants' response on July 29, 2012 (*Doc. 100*), and a reply to

Defendant Todd's response on July 29, 2012 (*Doc. 101*).[2]  Having considered the parties'

---

[1]In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel. [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2]It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs' (continued...)

submissions, the record of the case, and relevant law, the Court **FINDS** that *Plaintiff Jivanna Palacios' Motion to Compel (Doc. 69)* shall be **GRANTED in part** and **DENIED in part**.

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings. The Court will address each motion to compel in a separate order.

In her motion to compel, Plaintiff Palacios asks the Court to find that the following responses to Plaintiff's discovery requests are deficient: Defendant Todd's response to Request for Production ("RFP") No. 3; Defendant Trout's response to Interrogatory No. 5; Defendant Frederick's responses to RFP No. 11 and Interrogatory No. 3; and Defendant Cavitt's responses to RFP Nos. 3, 4, 9,

---

[2](...continued)

motions to compel. *See* [*Doc. 100* at 1, n.1]. The Court will cite to the amended reply. The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues. *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

and 10 and Interrogatory No. 10. [*Doc. 69*]. RWI Defendants state they have supplemented most of the responses that are at issue in Plaintiff's motion (*Doc. 90* at 2), which is not disputed in Plaintiffs' reply to RWI Defendants' response. [*Doc. 100* at 3-4]. However, Plaintiffs state that Defendant Todd's response to RFP No. 3 is still at issue. [*Doc. 101* at 1].

Plaintiff's RFP No. 3 to Defendant Todd asks for "ALL DOCUMENTS involving Defendant Ron Todd and referring to Plaintiff Jivanna Palacios and/or related to her allegations set forth in the Second Amended Complaint." [*Doc. 69* at 2]. In response to the request, Defendant Todd states that he objected to the request on the grounds that it is overly broad and "likely seeks communications protected by attorney-client privilege." *Id.* Defendant Todd further states that, subject to his objection, there are no documents in his possession, custody or control that are responsive to the request. *Id.* Plaintiff contends that Defendant Todd must produce a privilege log describing any responsive documents he has withheld on the basis of privilege. *Id.* at 2-3; *see also* [*Doc. 83* at 2] and [*Doc. 101* at 1]. The Court has already entered an order on Plaintiffs' motion to compel Defendants to produce a privilege log (*Doc. 119*). The Court will **grant** the motion and order Defendant Rowe to follow the requirements set forth in that order regarding production of a privilege log.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, ***Plaintiff Jivanna Palacios' Motion to Compel*** *(Doc. 69)* is **GRANTED in part** and **DENIED in part** as follows:

1. Defendant Rowe shall supplement his response to Request for Production No. 3 as indicated herein **by September 21, 2012**; and

2. Plaintiff's motion to compel is **DENIED** as to all other relief requested as indicated herein.

-3-

**IT IS SO ORDERED.**

_Lourdes a. Martinez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**