## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

**LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,**

        **Plaintiffs,**

**v.**                                             **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

        **Defendants.**

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF EDDIE SIMPSON'S MOTION TO COMPEL [Doc. 71]

        **THIS MATTER** is before the Court on ***Plaintiff Eddie Simpson's Motion to Compel (Doc. 71)***, filed June 28, 2012.  Defendants RWI Construction, Inc., David Frederick, Lyndal Trout, Richard Altman, Lee Rowe, Jerry Cavitt, and Matthew Lehman (hereinafter "RWI Defendants") filed their response on July 16, 2012 (*Doc. 90*), and Defendant Todd filed his response on July 11, 2012 (*Doc. 83*).[1]  Plaintiff filed a reply to RWI Defendants' response on July 23, 2012 (*Doc. 94*), an amended reply to RWI Defendants' response on July 29, 2012 (*Doc. 100*), and a reply to Defendant Todd's response on July 29, 2012 (*Doc. 101*).[2]  Having considered the parties'

---

[1]In their response, counsel for RWI Defendants include Defendant Ron Todd in the list of Defendants they state that they represent in this case and who are filing this response. [*Doc. 90* at 1].  Defendant Todd, however, is represented by different counsel, and Defendant Todd filed his own response to several of Plaintiffs' motions to compel. [*Doc. 83* at 1].  The Court, therefore, does not consider *Document 90* to be on behalf of Defendant Todd.

[2]It appears that the reply was amended to acknowledge that Defendant Todd filed a response to Plaintiffs'
(continued...)

submissions, the record of the case, and relevant law, the Court **FINDS** that ***Plaintiff Omayra Benavidez' Motion to Compel*** *(Doc. 63)* shall be **GRANTED in part** and **DENIED in part**.

As a preliminary matter, the Court notes that, while Plaintiffs filed 10 separate motions to compel [*Docs. 63-72*], Defendants' responses to those motions are consolidated into just two documents -- RWI Defendants' response [*Doc. 90*] and Defendant Todd's response [*Doc. 83*]. Plaintiffs filed consolidated replies to the two responses, addressing those matters still at issue in their respective motions to compel. [*Doc. 94*], amended at [*Doc. 100*], and [*Doc. 101*]. The Court cautions all parties in this case that a separate responsive pleading addressing each motion is required by the Court's Administrative Order 92-88. D.N.M. Administrative Order 92-88 (May 4, 1992) ("[A]ll practitioners before the Court shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). In the future, the parties shall file a separate response and reply to every motion filed instead of a single response and reply addressing multiple motions. The parties' failure to follow this rule regarding Plaintiffs' multiple motions to compel has created unnecessary work and confusion for the Court and delay in its rulings. The Court will address each motion to compel in a separate order.

In her motion to compel, Plaintiff Simpson asks the Court to find that the following responses to Plaintiff's discovery requests are deficient: Defendant Ron Todd's response to Interrogatory No. 8; Defendant Rowe's response to Interrogatory No. 5; Defendant Trout's responses to Request for Production ("RFP") Nos. 6, 9, 10, 16, 17, and 18, and Interrogatory Nos.

---

[2](...continued)

motions to compel. *See* [*Doc. 100* at 1, n.1]. The Court will cite to the amended reply. The Court, however, will not consider those portions of Plaintiffs' reply that raise new issues. *See* [*Doc. 120*] (order granting in part RWI Defendants' motion to strike portions of Plaintiffs' reply).

5 and 12; and Defendant Frederick's response to Interrogatory No. 3. [*Doc. 71*].  RWI Defendants state they have supplemented most of the responses that are at issue in Plaintiff's motion (*Doc. 90* at 2), however, Plaintiffs state in their reply to the RWI Defendants' response that Defendant Trout's response to RFP No. 10 is still at issue.  [*Doc. 100* at 3-4].  In addition, Plaintiffs state that Defendant Todd's response to Interrogatory No. 8 is still at issue.  [*Doc. 101* at 2].

### Defendant Trout's Response to RFP No. 10

RFP No. 10 asks Defendant Trout to produce "[a]ll non-privileged e-mails involving Defendant Lyndal Trout mentioning and/or referring to the allegations of the Second Amended Complaint." [*Doc. 71* at 6].  Defendant Trout objected stating that the request "is overly broad and concerns allegations irrelevant to Plaintiff Eddie Simpson's claims." *Id.*  Defendant Trout then responded by stating that, without waiving his objections, he has no documents responsive to the request concerning Plaintiff Simpson. *Id.*  Plaintiff contends that Defendant Trout's answer is inadequate because it improperly limits the answer to information regarding Plaintiff Simpson, while the request asks for information relating to the allegations in the Second Amended Complaint. *Id.*  Defendants do not address Plaintiff's contention regarding this interrogatory in their response.

The Court finds that Defendant Trout has failed to adequately respond to the request by limiting his response to documents concerning Plaintiff Simpson when the request asks for documents relating to all allegations in the Second Amended Complaint.  The request is not overly broad because information regarding the allegations in the complaint is relevant to the parties' claims and defenses, and information relating to other Plaintiffs can be used by Plaintiff Simpson to support her hostile work environment claim. *See Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987) (holding that evidence that other employees had been harassed is relevant to a

different employee's hostile work environment claim); *see also* Fed. R. Civ. P. 34(a) ("a party may serve [discovery requests] *on any other party*") (emphasis added), and Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense*.") (emphasis added).  The Court, therefore, will **grant** the motion as to this RFP and will require Defendant Trout to supplement his answer.

In addition, the Court cautions Defendants that their use of boilerplate, blanket objections are improper.  *See Oleson v. K-mart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1997) ("The objecting party has the burden to substantiate its objections. . . . The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden") (citations omitted).  A proper objection is one that is tailored to the individual discovery request, not a conclusory objection such as "vague," "ambiguous," "overly broad" or "unduly burdensome" which neglects to say why the discovery request is subject to that objection.

### Defendant Todd's Response to Interrogatory No. 8

Interrogatory No. 8 asks Defendant Todd to "[i]dentify the reason(s) Defendant Ron Todd has not hired Defendant David since Defendant Ron Todd left (and/or was forced out of) RWI." [*Doc. 71* at 1].  Defendant Todd objected stating that the interrogatory was "ambiguous and nonsensical" and, if the interrogatory refers to Defendant David Frederick, it is speculative.  *Id.* at 1-2.  Plaintiff contends that Defendant Todd's answer is incomplete and evasive because "Defendant Ron Todd has hired dozens of RWI employees since leaving RWI" and "Plaintiff is entitled to a response why Defendant Todd has not hired Defendant Frederick as he is actively hiring employees away from Defendant RWI."  *Id.* at 2.  In his response, Defendant Todd states that

Plaintiffs' question as to "[w]hy he has not hired someone who has not applied at his new business is a metaphysical question that a roomful of philosophers would struggle to answer." [*Doc. 83* at 3]. Plaintiffs contend that it is irrelevant that Defendant Frederick has not applied to work for Defendant Todd's new company.  [*Doc. 101* at 2].  The Court finds that Defendant Todd's response to this interrogatory is adequate since Defendant Frederick has not applied to work for Defendant Todd. The Court agrees that requiring any further answer would require Defendant Todd to speculate about a hypothetical situation and Plaintiff does not provide any support for the Court to require that.  The Court will **deny** this request.

IT IS THEREFORE ORDERED** that, for the reasons set forth above, *Plaintiff Eddie Simpson's Motion to Compel (Doc. 71)* is **GRANTED in part** and **DENIED in part** as follows:

1.      Defendant Trout shall supplement his response to <u>Request for Production No. 10</u> as indicated herein **by September 21, 2012**;

2.      Plaintiff's motion to compel is **DENIED** as to all other relief requested as indicated herein.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**