**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LUCIA TARIN, JIVANNA PALACIOS,**
**OMAYRA BENAVIDEZ, RAY ROMERO,**
**CINDY LORANG, SILVIA CABRERA,**
**ALBERTO FLORES, RAY MALDONADO,**
**ISALA MALDONADO, and EDDIE SIMPSON,**

       **Plaintiffs,**

**v.**                                                                 **No. 12cv0145 CG/LAM**

**RWI CONSTRUCTION, INC., et al.,**

      **Defendants.**

## <u>ORDER GRANTING IN PART AND DENYING IN PART</u><br><u>DEFENDANT RWI'S MOTION TO COMPEL [Doc. 74]</u>

**THIS MATTER** is before the Court on Defendant RWI Construction, Inc.'s Motion to Compel [*Doc. 74*], filed July 2, 2012.  Plaintiffs filed a response on July 15, 2012 [*Doc. 89*], and Defendant RWI filed a reply August 1, 2012 [*Doc. 107*].  Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that Defendant RWI Construction, Inc.'s Motion to Compel [*Doc. 74*] shall be **GRANTED in part** and **DENIED in part**.

In their third amended complaint, Plaintiffs allege, *inter alia*, gender and racial discrimination and retaliation by Defendants.  *See* [*Doc. 115*].  The Court set a Rule 16 Scheduling Conference on May 16, 2012, which was postponed pending a ruling on a motion for separate trials filed by RWI Defendants.  *See **Clerk's Minutes** [Doc. 38* at 3].  The Court allowed the parties to conduct a limited amount of written discovery due to an upcoming scheduled private mediation, but

-1-

stayed all pending deposition discovery and any additional discovery until the Rule 16 Scheduling Conference was completed and a Scheduling Order was entered. *Id.* The private mediation was unsuccessful and the motion for separate trials was denied by the presiding judge [*Doc. 85*]. The undersigned then set a Rule 16 Scheduling Conference [*Doc. 92*], which the parties moved to continue stating that Plaintiffs intended to file a motion to amend the complaint and add two additional defendants [*Doc. 96*]. The Court granted the parties' motion to continue the scheduling conference. [*Doc. 97*]. On August 27, 2012, the presiding judge granted Plaintiffs' motion to file a third amended complaint, which was filed the same day. [*Docs. 114* and *115*].

Over the last two months, the parties have filed thirteen motions to compel based on the limited discovery the Court allowed them to undertake prior to setting a scheduling conference in this case, as well as an opposed motion to exceed page limits in connection with this motion to compel and a motion to strike portions of a reply brief to one of the motions to compel. [*Docs. 57, 63-72, 74, 78, 105* and *106*].[1] On August 23, 2012, the presiding judge in this case consolidated this case for discovery purposes with *Catano v. RWI Construction, Inc., et. al.*, 2:12-CV-592 GBW/LAM and *Vasquez v. RWI Construction, Inc., et al.*, 2:12-CV-609 SMV/GBW. [*Doc. 113*]. The Court encourages the parties to make more of an effort to work together to resolve their discovery disputes as these cases progress, especially given the number of parties and attorneys involved in these cases.

In its motion to compel, Defendant RWI Construction, Inc. (hereinafter "Defendant") asks the Court to find that the following responses to its discovery requests are deficient: (1) Plaintiff Alberto Flores' responses to Interrogatory Nos. 12, 13 and 15, and Request for Production ("RFP")

---

[1]The Court will address the parties' dispute regarding Defendant RWI exceeding the local rule regarding page limits for exhibits (*see Doc. 89* at 1 and *Doc. 107* at 2) in a separate order on Defendant RWI's opposed motion to exceed page limits (*Doc. 105*).

No. 17; (2) Plaintiff Ray Maldonado's responses to Interrogatory Nos. 12 and 14, and RFP No. 17;

(3) Plaintiff Omayra Benavidez' responses to Interrogatory Nos. 13, 15-18, and 22, and RFP No. 17;

(4) Plaintiff Lucia Tarin's responses to Interrogatory Nos. 20 and 21, and RFP No. 17; and

(5) Plaintiff Jivanna Palacios' response to RFP No. 17.  [*Doc. 74* at 2-15].  In their reply, Defendant

states that the parties' dispute regarding RFP No. 17 served on all five Plaintiffs for phone records

has been resolved, but the remaining discovery requests remain in dispute.  [*Doc. 107*].  The Court

addresses the parties' remaining disputes as follows:

## Interrogatories Regarding Criminal/Arrest Records - Plaintiff Ray Maldonado's Response to Interrogatory No. 14 and Plaintiff Flores' Response to Interrogatory No. 15

Defendant asks the Court to compel Plaintiff Maldonado to answer Interrogatory No. 14 and

Plaintiff Flores to answer Interrogatory No. 15, which ask whether they have "ever been arrested,

charged with or convicted of a crime, whether it be a felony or a misdemeanor" and, if so, to state

specific information regarding each arrest, charge, or conviction.  [*Doc. 74-3* at 9 (Interrogatory

No. 15 to Plaintiff Flores) and *Doc. 74-4* at 7 (Interrogatory No. 14 to Plaintiff Maldonado)].  Both

Plaintiffs objected stating that the interrogatories seek irrelevant information, and Plaintiff Flores

provided a list of arrests and information about those arrests.  [*Doc. 74-3* at 10-12 and *Doc. 74-4*

at 7].  In response to Defendant's motion to compel, Plaintiffs state that they provided arrest records

going back ten (10) years, but information going back any further is irrelevant to the parties' claims

and defenses in the case.  [*Doc. 89* at 2-3].  Plaintiffs further state that the names of their criminal

defense counsel are irrelevant.  *Id.* at 3.  Defendant contends that these requests are relevant to

Plaintiffs' ability or inability to obtain other employment and to their claims for damages.  [*Doc. 74*

at 5 and 8-9].

The Court finds that ten-years' worth of criminal records is sufficient to address Defendant's contentions regarding Plaintiffs' employment opportunities and damages claims.  The Court further finds that Defendant has failed to support its claim that the names of Plaintiffs' criminal defense attorneys are relevant to any claim or defense.  The Court, therefore, will **grant** this request in part and will order Plaintiff Ray Maldonado to supplement his response to Interrogatory No. 14 regarding his criminal history for the past ten (10) years, except that he does not have to provide the name(s) of his criminal defense attorney(s).  If he does not have a criminal history in the last ten (10) years, he should state that in his supplemental response under oath.  The Court reminds Plaintiffs of their continuing obligation to supplement their responses as information becomes available.  For example, Plaintiff Flores will need to supplement his response to Interrogatory No. 15 regarding the disposition of his February 23, 2012 case, which he stated was pending at the time he answered Interrogatory No. 15.

### Plaintiff Flores' Response to Interrogatory No. 12

In Interrogatory No. 12 to Plaintiff Flores, Defendant asks for information regarding communications Plaintiff Flores had about hostile, harassing or discriminatory treatment, including the time, date, and place of such communications, the parties involved in the communications, and witnesses who may attest to the facts.  [*Doc. 74-3* at 7].  Plaintiff Flores responded: "*See* Response to Interrogatory No. 8."  *Id.* at 8.  Defendant contends that Plaintiff Flores failed to provide a full and complete answer to this interrogatory because his response to Interrogatory No. 8 did not include the specific information asked for in Interrogatory No. 12.  [*Doc. 107* at 4].

The Court finds that Plaintiff Flores' response to Interrogatory No. 8 does not sufficiently answer Interrogatory No. 12 because it does not provide the time, date, place, parties involved, and

witnesses regarding all of the communications, as requested.  *See* [*Doc. 74-3* at 5-7].  Plaintiff Flores

fails to explain why he did not provide this information, other than that he is not suing individual

defendants.  *See* [*Doc. 89* at 3].  Since Interrogatory No. 12 pertains to communications made to

Defendant RWI, the Court finds this explanation to be without merit.  The Court, therefore, will

**grant** this request and order Plaintiff Flores to supplement his response to Interrogatory No. 12.

## Plaintiff Flores' Response to Interrogatory No. 13

In Interrogatory No. 13 to Plaintiff Flores, Defendant asks for facts supporting his claims

against any individual Defendant, witnesses who may attest to such facts, and documents upon

which he may rely for support.  [*Doc. 74-3* at 8].  In response, Plaintiff Flores referred Defendant

to all of the Plaintiffs' responses to Interrogatory No. 8, as well as to Plaintiff Tarin's response to

Interrogatory No. 22 and Plaintiff Palacios' response to Interrogatory No. 21.  *Id.*  When asked to

supplement this response, counsel for Plaintiffs stated that "Plaintiff Alberto Flores has not brought

claims against any individual Defendant at this time," and that counsel for Defendant RWI does not

have standing to object to the specificity of claims against Defendant Todd.  [*Doc. 74-2* at 2].

Defendant contends that this response is insufficient because Plaintiff Flores refuses to swear under

oath that he has no claims against the individual Defendants, and that Defendant RWI is entitled to

discovery regarding Plaintiff Flores' claims against Defendant Todd because those claims relate to

Plaintiff Flores' claims against Defendant RWI and Plaintiff hopes to hold RWI liable for the actions

of Mr. Todd.  [*Doc. 107* at 5].

The Court notes that the parties have not attached each Plaintiffs' response to Interrogatory

No. 8, all of Plaintiff Tarin's response to Interrogatory No. 22 or any of Plaintiff Palacios' response

to Interrogatory No. 21.  Nevertheless, from what has been submitted, the Court finds that

Plaintiff Flores' response to Interrogatory No. 13 is insufficient because the interrogatories to which Plaintiff Flores refers in his response to Interrogatory No. 13 do not appear to provide the detailed information requested. *See, e.g.,* [*Doc. 74-3* at 5-7] (Plaintiff Flores' response to Interrogatory No. 8); [*Doc. 74-6* at 11] (Plaintiff Tarin's partial response to Interrogatory No. 22). Plaintiff Flores is obligated to provide a complete response to Interrogatory No. 13 without requiring Defendant to search through numerous responses to other interrogatories to cull out information responsive to Interrogatory No. 13. The Court finds no support for Plaintiff's claim that Defendant RWI cannot object to Plaintiff Flores' response regarding claims against Defendant Todd because information relating to Defendant Todd is relevant to Defendant RWI's claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense.*") (emphasis added). To the extent Plaintiff Flores' response to Interrogatory No. 13 is that he is not bringing claims against the individual Defendants, then he needs to state that in a sworn response to the interrogatory, not in a letter from his counsel to Defendant's counsel. The Court, therefore, will **grant** this request and order Plaintiff Flores to supplement his response to Interrogatory No. 13.

### Plaintiff Ray Maldonado's Response to Interrogatory No. 12

In Interrogatory No. 12 to Plaintiff Maldonado, Defendant asks for facts supporting his claims against any individual Defendant, witnesses who may attest to such facts, and documents upon which he may rely for support. [*Doc. 74-4* at 6]. In response, Plaintiff Maldonado referred Defendant to Plaintiff Maldonado's response to Interrogatory No. 8, as well as to Plaintiff Tarin's response to Interrogatory No. 22 and Plaintiff Palacios' response to Interrogatory No. 21. *Id.* When asked to supplement this response, counsel for Plaintiffs stated that "Plaintiff [Maldonado] has not

brought claims against Defendants Jerry Cavitt or Richard Altman at this time," and that counsel for Defendant RWI does not have standing to object to the specificity of claims against Defendant Todd. [*Doc. 74-2* at 4]. Defendant contends that this response is insufficient because: (1) Plaintiff Maldonado needs to state under oath that he has no claims against Defendants Cavitt and Altman; (2) Plaintiff should provide detailed information regarding his claims against Defendant Todd; (3) Plaintiff's response to Interrogatory No. 8 does not provide any information regarding his claims against Defendants Trout and Lehman; and (4) Plaintiffs' response to Interrogatory No. 12 does not provide the names and contact information of witnesses who may support his allegations. [*Doc. 107* at 5-6].

The Court finds that Plaintiff Maldonado's response to Interrogatory No. 12 is insufficient. If Plaintiff Maldonado's response to the interrogatory as to Defendants Cavitt and Altman is that he is not bringing claims against those defendants, then he needs to state as much under oath in response to the interrogatory, not in correspondence from his counsel. In addition, the Court finds no support for Plaintiff's claim that Defendant RWI cannot object to the information sought from Defendant Todd because that information is relevant to Defendant RWI's claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense.*") (emphasis added). Finally, the Court finds that Plaintiff Maldonado's reference to Interrogatory No. 8 for his response to Interrogatory No. 12 is not adequate because, while Plaintiff Maldonado describes his claims in general in his response to Interrogatory No. 8, that response does not provide any detailed information regarding Plaintiff Maldonado's claims against the individual Defendants. *See* [*Doc. 74-4* at 4-5] (Plaintiff Maldonado's response to Interrogatory No. 8). As stated above, Plaintiff Maldonado is

obligated to provide a complete response to Interrogatory No. 12 without requiring Defendant to search through numerous responses to other interrogatories to cull out information responsive to Interrogatory No. 12. The Court, therefore, will **grant** this request and order Plaintiff Maldonado to supplement his response to Interrogatory No. 12. However, the Court will not order Plaintiff Maldonado to provide the contact information for witnesses he identifies in response to Interrogatory No. 12 because that information was not requested in the interrogatory.

### Plaintiff Benavidez' Responses to Interrogatory Nos. 13, 15-18, and 22

In Interrogatory Nos. 13, 15-18, and 22 to Plaintiff Benavidez, Defendant asks for information regarding Plaintiff Benavidez' claims under several statutes and legal theories. [*Doc. 74-5* at 5-8]. In each response, Plaintiff Benavidez referred Defendant to her response to Interrogatory No. 8. *Id.* When asked to supplement her responses, counsel for Plaintiffs stated, in reference to Interrogatory Nos. 9-19 and 28, that "Plaintiff [Benavidez] has not brought claims against Defendant Altman at this time," and that counsel for Defendant RWI does not have standing to object to the specificity of claims against Defendant Todd. [*Doc. 74-2* at 5]. In this supplement, Plaintiffs' counsel did not address Ms. Benavidez' response to Interrogatory No. 22, which also references her response to Interrogatory No. 8, Plaintiff Tarin's response to Interrtogatory No. 22 and Plaintiff Palacios' response to Interrogatory No. 21.[2] In her response to Defendant's motion to compel, Plaintiff maintains that her reference to Interrogatory No. 8 was adequate because that response describes Plaintiffs' claims in "great detail." [*Doc. 89* at 4]. Defendant contends that Plaintiffs' responses are insufficient because: (1) her response to Interrogatory No. 8 contains no factual basis for her claims against Defendants Rowe, Todd or Lehman; (2) Plaintiff Benavidez

---

[2]As noted above, Defendant failed to include Plaintiff Tarin's entire response to Interrogatory No. 22 or any of Plaintiff Palacios' response to Interrogatory No. 21.

should provide information regarding her claims against Defendant Todd regardless of the fact that he has separate counsel; and (3) if Plaintiff Benavidez has not made a claim against Defendant Altman, she needs to state that under oath in a supplemental response.  [*Doc. 107* at 7].

The Court finds that Plaintiff Benavidez' responses to these interrogatories are insufficient to the extent Plaintiff Benavidez has left out information regarding her claims against Defendants Rowe, Todd, Lehman and Altman.  If she is not bringing claims against any of those Defendants, then she needs to state as much under oath in response to the interrogatory, not in correspondence from her counsel.  In addition, the Court finds no support for Plaintiff's claim that Defendant RWI cannot ask for information regarding Plaintiff Benavidez' claims against Defendant Todd because that information is relevant to the parties' claims and defenses in this case.  *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense.*") (emphasis added).  The Court, therefore, will **grant** this request and order Plaintiff Benavidez to supplement her response to Interrogatory Nos. 13, 15-18 and 22 to include information regarding Defendants Rowe, Todd, Lehman and Altman.

### Plaintiff Tarin's Responses to Interrogatory Nos. 20 and 21

In Plaintiffs' response to Defendant's motion to compel, Plaintiff Tarin states that she will supplement her response to these interrogatories to provide the dates that Plaintiff Tarin reported discrimination.  [*Doc. 89* at 4].  Defendant states in its reply that Plaintiff has not yet supplemented her response.  [*Doc. 107* at 7].  The Court will order Plaintiff Tarin to supplement her responses to these interrogatories as she has agreed to do.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Defendant RWI Construction, Inc.'s Motion to Compel [*Doc. 74*] is **GRANTED in part** and **DENIED in part** as follows:

1.      Plaintiff Ray Maldonado shall supplement his responses to <u>Interrogatory Nos. 12 and 14</u> as indicated herein **by September 27, 2012**;

2.      Plaintiff Flores shall supplement his responses to <u>Interrogatory Nos. 12, 13, and 15</u> as indicated herein **by September 27, 2012**;

3.      Plaintiff Benavidez shall supplement her responses to <u>Interrogatory Nos. 13, 15-18, and 22</u> as indicated herein **by September 27, 2012**;

4.      Plaintiff Tarin shall supplement her responses to <u>Interrogatory Nos. 20 and 21</u> as indicated herein **by September 27, 2012**; and

5.      Defendant's motion to compel is **DENIED** as to all other relief requested as indicated herein.

**IT IS SO ORDERED.**


_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**