IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,

        Plaintiffs,

v.                                      No. 12cv0145 CG/LAM

RWI CONSTRUCTION, INC., et al.,

        Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT TODD'S MOTION TO COMPEL [Doc. 78]

**THIS MATTER** is before the Court on Defendant Todd's Motion to Compel [*Doc. 78*], filed July 2, 2012. Plaintiffs filed a response on July 15, 2012 [*Doc. 88*], and Defendant Todd filed a reply July 27, 2012 [*Doc. 98*]. Having considered the parties' submissions, the record of the case, and relevant law, the Court **FINDS** that Defendant Todd's Motion to Compel [*Doc. 78*] shall be **GRANTED in part** and **DENIED in part**.

In their third amended complaint, Plaintiffs allege, *inter alia*, gender and racial discrimination and retaliation by Defendants. *See* [*Doc. 115*]. The Court set a Rule 16 Scheduling Conference on May 16, 2012, which was postponed pending a ruling on a motion for separate trials filed by RWI Defendants. *See* **Clerk's Minutes** [*Doc. 38* at 3]. The Court allowed the parties to conduct a limited amount of written discovery due to an upcoming scheduled private mediation, but stayed all pending deposition discovery and any additional discovery until the Rule 16 Scheduling

Conference was completed and a Scheduling Order was entered. *Id.* The private mediation was unsuccessful and the motion for separate trials was denied by the presiding judge [*Doc. 85*]. The undersigned then set a Rule 16 Scheduling Conference [*Doc. 92*], which the parties moved to continue stating that Plaintiffs intended to file a motion to amend the complaint and add two additional defendants [*Doc. 96*]. The Court granted the parties' motion to continue the scheduling conference. [*Doc. 97*]. On August 27, 2012, the presiding judge granted Plaintiffs' motion to file a third amended complaint, which was filed the same day. [*Docs. 114* and *115*].

Over the last two months, the parties have filed thirteen motions to compel based on the limited discovery the Court allowed them to undertake prior to setting a scheduling conference in this case, as well as an opposed motion to exceed page limits in connection with one of the motions to compel and a motion to strike portions of a reply brief to one of the motions to compel. [*Docs. 57, 63-72, 74, 78, 105* and *106*]. On August 23, 2012, the presiding judge in this case consolidated this case for discovery purposes with *Catano v. RWI Construction, Inc., et. al.*, 2:12-CV-592 GBW/LAM and *Vasquez v. RWI Construction, Inc., et al.*, 2:12-CV-609 SMV/GBW. [*Doc. 113*]. The Court encourages the parties to make more of an effort to work together to resolve their discovery disputes as these cases progress, especially given the number of parties and attorneys involved in these cases.

In his motion to compel, Defendant Todd (hereinafter "Defendant") asks the Court to find that the following responses to his discovery requests are deficient: (1) Plaintiff Eddie Simpson's responses to Interrogatory Nos. 17, 18 and 20, and Request for Production ("RFP") No. 18; (2) Plaintiff Cindy Lorang's responses to Interrogatory Nos. 5, 6, and 16, and RFP No. 18; (3) Plaintiff Silvia Cabrera's responses to Interrogatory Nos. 18 and 20, and RFP No. 18;

(4) Plaintiff Ray Romero's responses to Interrogatory No. 18 and RFP No. 18; and (5) Plaintiff Isala Maldonado's responses to Interrogatory No. 16, and RFP No. 18. [*Doc. 78* at 3-15]. The Court addresses the parties' disputes as follows:

### **Plaintiffs' Responses Referring to Responses to Other Interrogatories**

Defendant objects to Plaintiffs' responses to the following interrogatories: Interrogatory Nos. 17 and 18 to Plaintiff Simpson; Interrogatory No. 16 to Plaintiff Lorang; Interrogatory Nos. 18 and 20 to Plaintiff Cabrera; Interrogatory No. 18 to Plaintiff Romero; and Interrogatory No. 16 to Plaintiff Isala Maldonado. In all of these interrogatories, Defendant asks for facts supporting these Plaintiffs' claims against Defendants, witnesses who may attest to such facts, and documents upon which the Plaintiffs may rely for support. [*Doc. 78* at 3-4 and 9-14]. In response to each of these interrogatories, Plaintiffs referred Defendant Todd to their respective responses to Interrogatory No. 8, and, in response to some of the interrogatories, Plaintiffs also referred Defendant Todd to Plaintiff Tarin's response to Interrogatory No. 22 and Plaintiff Palacios' response to Interrogatory No. 21. *Id.* When asked to supplement their responses, counsel for Plaintiffs stated that some of these Plaintiffs had not brought claims against some of the Defendants at this time, and that counsel for Defendant Todd does not have standing to object to the specificity of claims against any of the other Defendants. [*Doc. 78-2* at 1-5]. Defendant Todd contends that these responses are insufficient because Plaintiffs' responses to Interrogatory No. 8 do not specifically address the information asked for in the other interrogatories. [*Doc. 98* at 2-4, 6-10].

The Court finds that the Plaintiffs' responses to these interrogatories are insufficient because their responses to the other interrogatories which they reference generally describe the Plaintiff's claims but do not provide the specific information regarding Plaintiffs' claims that is requested in

these interrogatories. *See* [*Doc. 88-1* at 4-5] (Plaintiff Simpson's response to Interrogatory No. 8); [*Doc. 88-4* at 4-7] (Plaintiff Lorang's response to Interrogatory No. 8); [*Doc. 88-5* at 3-6] (Plaintiff Cabrera's response to Interrogatory No. 8); [*Doc. 88-6* at 4-5] (Plaintiff Romero's response to Interrogatory No. 8); [*Doc. 88-7* at 3-4] (Plaintiff Isala Maldonado's response to Interrogatory No. 8); [*Doc. 88-2* at 3-5] (Plaintiff Tarin's response to Interrogatory No. 22); and [*Doc. 88-3* at 3-4] (Plaintiff Palacios' response to Interrogatory No. 21). Plaintiffs fail to explain why, instead of referring to other interrogatories, they did not provide the specific information requested in these interrogatories, other than stating that "[t]he fact that many Plaintiffs may not be able to recall each and every date and time they were exposed to and/or reported the discrimination, hostile work environment, and/or wrongful conduct does not render their responses incomplete." [*Doc. 88* at 3-4]. Plaintiffs are obligated to provide as detailed an answer as they can in response to these interrogatories, and it is not clear whether their responses to the other interrogatories encompass all of the information that they can recall that is responsive to the interrogatories at issue. If part of Plaintiffs' responses to these interrogatories is that they are not bringing suit against certain Defendants, then Plaintiffs need to state as much under oath in response to the interrogatories, not in correspondence from their counsel. In addition, the Court finds no support for Plaintiffs' claim that Defendant Todd cannot object to the information sought from other Defendants because information regarding other Defendants is relevant to Defendant Todd's claims and defenses in this case. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to *any party's claim or defense.*") (emphasis added). The Court, therefore, will **grant** these requests and order Plaintiff Simpson to supplement Interrogatory Nos. 17 and 18; Plaintiff Lorang to supplement Interrogatory No. 16; Plaintiff Cabrera to supplement Interrogatory

Nos. 18 and 20; Plaintiff Romero to supplement Interrogatory No. 18; and Plaintiff Isala Maldonado to supplement Interrogatory No. 16.

### Plaintiff Simpson's Response to Interrogatory No. 20

Defendant Todd asks the Court to compel Plaintiff Simpson to respond to Interrogatory No. 20, in which Defendant Todd asks whether he has "ever been arrested, charged with or convicted of a crime, whether it be a felony or a misdemeanor" and, if so, to state specific information regarding each arrest, charge, or conviction. [*Doc. 78* at 6]. Plaintiff Simpson objected stating that the interrogatory seeks irrelevant information. *Id.* Defendant Todd contends that the information is relevant regarding Plaintiff Simpson's ability or inability to obtain other employment and his claims for damages, and because it may be used to impeach Plaintiff Simpson's credibility. *Id.* at 6-7. In response to Defendant's motion to compel, Plaintiff Simpson contends that this request is overly broad because it is not limited to a time period; because Defendant Todd hired Plaintiff Simpson to work at RWI without seeking his criminal records; and because Plaintiff Simpson has been able to obtain other employment since his termination with Defendants. [*Doc. 88* at 1-2].

The Court finds that ten-years' worth of criminal records is sufficient to address Defendant Todd's contentions regarding Plaintiff Simpson's employment opportunities and damages claims. The Court, therefore, will **grant** this request in part and will order Plaintiff Simpson to supplement his response to this interrogatory regarding his criminal history for the past ten (10) years.

### Interrogatories Regarding Phone Records

Defendant Todd asks the Court to compel Plaintiffs to respond to interrogatories seeking all telephone records, including land lines and cell phones, during the time of their employment with

RWI Construction.  [*Doc. 78* at 7, 10, 12-14 (RFP No. 18 to Plaintiffs Simpson, Lorang, Cabrera, Romero, and Maldonado)].  Each Plaintiff objected to the request on the grounds that it seeks irrelevant subject matter.  *Id.*  In his motion to compel, Defendant Todd limited the requests "to any phone calls to and from RWI or any individual Defendants, any phone calls between Plaintiffs, and any communications with other potential employers while [] employed at RWI."  *Id.* at 8, 10, 12-14.  Defendant Todd contends that these requests are relevant because they may show collusion between the plaintiffs, which is a possible defense.  *Id.*  Plaintiff contends that evidence of a phone call between one of the Plaintiffs and a Defendant or another Plaintiff does not show collusion, and that Defendants already have their own phone records showing phone calls with any of the Plaintiffs.  [*Doc. 88* at 4-5].

     The Court finds that Defendant Todd has failed to support his contention that these phone records may show collusion among the Plaintiffs.  Defendant Todd does not state that he has any support for a defense of collusion involving phone calls between the Plaintiffs and Defendants or among the Plaintiffs, other than stating the dates that Plaintiffs filed their charges of discrimination and that they are all represented by the same counsel.  *See* [*Doc. 98* at 5].  Defendant Todd fails to explain how phone calls between Plaintiffs could be used to show collusion because, at most, the phone records would only show that there were calls, but not the substance of any conversations.  As Defendants have access to their own phone records and can determine whether there were phone calls between Defendants and Plaintiffs, the Court further finds no reason to grant these requests.  The Court, therefore, will **deny** these requests.

**Plaintiff Lorang's Response to Interrogatory Nos. 5 and 6**

In Interrogatory No. 5 to Plaintiff Lorang, Defendant asks her to identify every person or company she has applied to for employment anytime in the last ten (10) years, including the dates of application, and Interrogatory No. 6 asks her to state the name, address, name of immediate supervisor, type of occupation, amount of wages, beginning and ending dates of employment, and reasons for leaving for each of her employers over the last ten (10) years. [*Doc. 78* at 8]. Plaintiff Lorang objected to these requests stating that they seek irrelevant information, and then responded to the interrogatories from 2004 to the present. *Id.* at 8-9. Defendant contends these interrogatories are relevant to Plaintiff Lorang's claims for damages, including front and back pay, and her work history for the last ten (10) years is relevant to her "employability and skills set." *Id.* at 9. In response to the motion to compel, Plaintiff Lorang states that she cannot remember where she worked more than eight years ago. [*Doc. 88* at 2]. In his reply, Defendant Todd states that Plaintiff Lorang should be required to provide her work history for the last ten years. [*Doc. 98* at 6].

The Court finds that going back eight years instead of ten years is sufficient to respond to these interrogatories. However, making an unsworn statement through counsel in response to a discovery request that Plaintiff Lorang cannot remember her employment history prior to eight years ago is not sufficient. The Court, therefore, will **grant** this request in part and order Plaintiff Lorang to supplement her responses to state, under oath, that she cannot remember her employment history prior to eight years ago, if that is still the case.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Defendant Todd's Motion to Compel [*Doc. 78*] is **GRANTED in part** and **DENIED in part** as follows:

1. Plaintiff Simpson shall supplement her responses to <u>Interrogatory Nos. 17, 18 and 20</u> as indicated herein **by September 27, 2012**;

2. Plaintiff Lorang shall supplement her responses to <u>Interrogatory Nos. 5, 6 and 16</u> as indicated herein **by September 27, 2012**;

3. Plaintiff Cabrera shall supplement her responses to <u>Interrogatory Nos. 18 and 20</u> as indicated herein **by September 27, 2012**;

4. Plaintiff Romero shall supplement his response to <u>Interrogatory No. 18</u> as indicated herein **by September 27, 2012**;

5. Plaintiff Isala Maldonado shall supplement her response to <u>Interrogatory No. 16</u> as indicated herein **by September 27, 2012**; and

5. Defendant Todd's motion to compel is **DENIED** as to all other relief requested as indicated herein.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**