IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUCIA TARIN, JIVANNA PALACIOS,
OMAYRA BENAVIDEZ, RAY ROMERO,
CINDY LORANG, SILVIA CABRERA,
ALBERTO FLORES, RAY MALDONADO,
ISALA MALDONADO, and EDDIE SIMPSON,

      Plaintiffs,

      vs.                           Civ. No. 12-145 MCA/ACT

RWI CONSTRUCTION, INC.,
DAVID FREDERICK, LYNDAL TROUT,
RICHARD ALTMAN, LEE ROWE,
RON TODD, JERRY CAVITT and
MATTHEW LEHMAN,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Omayra Benavidez' Motion for Reconsideration Regarding Defendants' Refusal to Provide E-Mail Communications Which Form Part of Their Defense [Doc. No. 135] filed September 18, 2012 ("Motion to Reconsider"). The RWI Defendants filed their Response [Doc. No. 147] on October 5, 2012 ("Response"). Plaintiff Benavidez filed his Reply [Doc. No. 153] on October 18, 2012 ("Reply").

The issue before the Court is whether the Court should reconsider its Order Granting in Part and Denying in Part Plaintiff Omayra Benavidez' Motion to Compel [Doc. No. 121] filed September 7, 2012 ("Order"), in which the Court denied Plaintiff's request for the production of all emails referenced in spreadsheets prepared by Defendants.[1]  Because the Court finds that

---

[1] In addition to producing all relevant emails to Plaintiffs' discovery requests, Defendants produced "spreadsheets listing all of the emails, whether or not responsive to Plaintiffs' discovery requests, for Plaintiffs Tarin, Benavidez, and Palacios." [Doc. 90 at p. 9.]  (Palacios, Benavidez and Tarin are the only plaintiffs who had email accounts.)  "Defendants also produced spreadsheets listing all of Defendants' emails, whether or not responsive to Plaintiffs' discovery requests, through January 4, 2012." [Id.]

Plaintiff has not met her burden of showing either new evidence or manifest injustice, Plaintiff's Motion to Reconsider is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint[2] on February 15, 2012, alleging racial and gender discrimination, retaliation, and violation of New Mexico common law.  Defendant Rod Todd and the RWI Defendants filed their respective Answers to Plaintiffs' Second Amended Complaint [Doc. Nos. 9 and 10] on April 11, 2012.  Defendant Rod Todd filed his Answer to Plaintiffs' Third Amended Complaint [Doc. No. 118] on September 6, 2012, and the RWI Defendants filed their Answer to Plaintiffs' Third Amended Complaint [Doc. No. 131] on September 10, 2012. The Court entered an Initial Scheduling Order [Doc. No. 11] on April 13, 2012, setting a Rule 16 Initial Scheduling Conference for  May 16, 2012.  The parties convened for the Rule 16 Initial Scheduling Conference, however, Magistrate Judge Lourdes Martinez postponed it pending a ruling by the presiding judge on a Motion for Separate Trials.[3] [Doc. No. 38.] Because the parties had already commenced discovery, Judge Martinez allowed "Plaintiff's pending discovery requests to be responded to by Defendants and will allow Defendants to propound written discovery requests to Plaintiffs." [Doc. No. 38 at 3.]   Judge Martinez informed the parties that no further discovery was allowed until after a Rule 16 Initial Scheduling

---

[2] Plaintiffs subsequently filed an Amended Complaint [Doc. No. 3] on February 27, 2012, a Second Amended Complaint [Doc. No. 7] filed on April 4, 2012, and a Third Amended Complaint [Doc. No. 115] filed on August 27, 2012.

[3] The Court entered an Order Denying Defendants' Motion to Sever or, in the alternative, Motion for Separate Trials [Doc. No. 85] on July 13, 2012.  The motion was denied as premature.  The parties' were granted leave to renew the motion upon the development of Plaintiffs' claims through discovery and/or any dispositve motions.

Conference.[4] [Id.] Between June 16, 2012, and July 2, 2012, the parties filed thirteen (13) motions to compel based on the limited discovery the Court allowed them to undertake prior to setting a Rule 16 Initial Scheduling Conference; Plaintiffs filed eleven motions to compel [Doc. Nos. 57, 63-72], and Defendants filed two motions to compel [Doc. Nos. 74 and 78]. Magistrate Judge Lourdes A. Martinez entered orders on all thirteen motions. [Doc. Nos. 119, 121-130, 132, 133.]

Plaintiff's Motion to Reconsider focuses solely on the Court's Order wherein it denies the production of all of the emails identified in the spreadsheets created by the RWI Defendants. The Order regarding the production of emails states:

> Defendants state that they have produced all of the emails that were responsive to Plaintiffs' discovery requests and, in addition, have produced spreadsheets listing all emails, whether responsive or not, for Plaintiffs Tarin, Benavidez and Palacios, and all of Defendants' emails through January 4, 2012. [Doc. 90 at 9-10]. In reply, Plaintiffs contend that Defendants "rely on the emails for their defense [and] were required to produce them in their Initial Disclosures [and that] [t]hey did not." [Doc. 100 at 7.] Plaintiffs allege that this "failure to produce these emails violates Rule 26." [Id.]
>
> Defendants' counsel offered to allow Plaintiffs' counsel to review the emails listed in the spreadsheets at Defendants' counsel's office in Roswell, New Mexico, where Defendants would make arrangements to copy any documents Plaintiffs wanted, reserving the right to mark any of the documents "confidential" pursuant to the parties' confidentiality order. Id. and [ Doc. 100 at 7 and Exhibit 10]. A meeting was set between counsel for the parties in Roswell but Plaintiffs' counsel cancelled it and, instead, demanded production of all emails listed in the spreadsheets. [Doc. 90 at 10.] Plaintiffs contend that allowing Defense counsel to discover which documents Plaintiffs choose to copy "violates the work product doctrine." [Doc. 100 at 7.] Plaintiffs contend that Defendants should produce all of the emails referenced in the spreadsheets. *Id.* at 7-8.

---

[4] A Rule 16 Initial Scheduling Conference is scheduled for November 29, 2012, at 11:00 a.m., before Magistrate Judge Alan C. Torgerson. The Court also notes that a Stipulated Order Granting Plaintiffs' Motion to Consolidate Two Related Cases [Doc. No. 113] was entered on August 23, 2012. *Tony Vasquez v. RWI Construction, Inc., et al.*, 12cv609 - JCH/GBW and *Irma Catano v. RWI Construction, Inc., et al.* 12cv592 - GBW/WPL are consolidated with this case for discovery purposes only.

> The Court finds that Defendants have complied with Rule 26 by producing all relevant emails and by agreeing to make available to Plaintiffs all emails listed in the spreadsheets. See Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring parties to provide "a copy – *or a description by category and location* – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses")(emphasis added). Plaintiffs provide no support for their contention that it would violate the work product doctrine to have Defendants copy emails that Plaintiffs want from the spreadsheets, and the Court is unaware of any rule or case that disallows such practice. The Court, therefore, will deny the motion regarding this issue.

[Order at 7.]

Plaintiff argues in her Motion to Reconsider that the Defendants are "relying on these emails as part of the defense," and that the Defendants have an obligation to produce and provide access to these emails pursuant to Rule 26. Plaintiff informs the Court that counsel's paralegal, Mr. Hibner, traveled to Roswell, New Mexico, on August 23, 2012, to review the emails identified on the spreadsheets and "offered to copy the emails himself in order to place no burden on Defendants, but Defendants refused to allow Mr. Hibner to copy emails." [Motion at 3, ¶ 9.] Mr. Hibner then "followed defense counsel's instruction to mark the emails he wanted copied . . . [and] marked all the email communications." [Motion at 3, ¶ 10.] Defendant refused to produce the emails. [Motion at 3, ¶ 11.] Plaintiff argues that because Defendants are relying on all of the e-mails as part of their defense, this Court should reconsider its previous denial and order their production. [Motion at 4, ¶ 15.]

Defendants contend Plaintiff is rearguing issues this Court has already decided and that she lacks a proper basis for a motion for reconsideration. [Response at 2, ¶¶ 2, 3.] Defendants further contend that "[e]ven assuming Plaintiff has sufficient grounds on which to base a motion for reconsideration, . . . the only emails relied upon by the RWI Defendants are those e-mails produced." [Response at 3, ¶ 5.] Defendants provided spreadsheets identifying emails that they

4

are not relying on "as a courtesy to Plaintiff" and in an effort to "balance a host of additional factors, including the need to prevent the production of non-relevant sensitive commercial information, and the need to protect the confidentiality of non-relevant personal information contained in the emails." [Response at 3-4, ¶¶ 5, 7.] To demand that the RWI Defendants produce *all* e-mails because they rely on *some* of them is excessive and illogical. [Response at 4, ¶ 6.] Finally, the Defendants point to the Court's Order finding they "have complied with Rule 26 by producing all relevant emails and by agreeing to make available to Plaintiffs all emails listed in the spreadsheets." [Response at 4, ¶ 7.]  Defendants ask this Court to deny Plaintiff's Motion "for failing to demonstrate a proper basis and for failing to justify her entitlement to all the emails." [Response at 5.]

In her Reply, Plaintiff argues that her motion for reconsideration is based on new evidence and that denying her Motion will result in manifest injustice.  Plaintiff states that Defendants' refusal to make copies of all the emails identified in the spreadsheets when Mr. Hibner traveled to Roswell is new evidence because it happened *after* the briefing was completed on her Motion to Compel. [Reply at 2.] Plaintiff further states that the Court's "allowing Defendants to conceal relevant and discoverable emails by claiming they will provide access, then refusing to make copies of the emails or allowing the undersigned to make copies, results in a manifest injustice." [Reply at 3.]  Plaintiff reiterates her position that because Defendants are relying on all of their emails for their defense, Plaintiff is entitled to all of Defendants' emails.

## **RELEVANT LAW**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider."  Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend

the judgment pursuant to Fed. R. Civ. P. 59(e), or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). Rule 60 more generally authorizes a district court to "[o]n motion and just terms . . . relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons, . . . " including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "grand reservoir of equitable power to do justice in a particular case." *Arnold v. Farmers Ins. Co. of Arizona*, 827 F.Supp.2d 1289, 1293 (quoting *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir.1991)). District courts, however, generally may only grant relief under this provision in extraordinary circumstances. *Id.*; also see *Sindar v. Garden*, 284 Fed.Appx. 591, 596 (10th Cir.2008)(unpublished).

  A motion to reconsider is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Arnold v. Farmers Ins. Co. of Arizona*, 827 F.Supp.2d 1289, 1293 (D.N.M. 2011) (*citing Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A district court has considerable discretion in ruling on a motion to reconsider. *Arnold v. Farmers Ins. Co. of Arizona*, 827 F.Supp.2d at 1293 (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997)).

## ANALYSIS

There are three possible grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) new evidence which was previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. Plaintiff presents no argument with respect to a change in controlling law. Accordingly, to obtain the relief she seeks, Plaintiff must show that there is new evidence or manifest injustice as a result of the Court's Order. Plaintiff has shown neither.

Plaintiff argues that because Defendants refused to produce all of the emails identified in the spreadsheets *after* the briefing was completed on her Motion to Compel, this represents new evidence. The Court disagrees. The Court was fully informed about the circumstances surrounding the production of emails in this case at the time it entered its Order denying Plaintiff's Motion to Compel. The Court considered Plaintiff's argument that Defendants should produce all of the emails, and also considered Defendants' response that emails responsive to Plaintiff's discovery requests had already been produced. The Court was aware that the production of any nonproduced emails was subject to agreed-upon conditions. In addition, the Court's Order described that Plaintiff had an opportunity to review the nonproduced emails identified in the spreadsheets and to select emails she deemed relevant for production. Plaintiff did not avail herself of this opportunity, but instead chose to demand the production of all of the emails. The Defendants refused to do so. With this information well in hand, and finding that the Defendants had complied with their Rule 26 disclosure requirements, the Court entered its Order denying Plaintiff's Motion to Compel the production of all emails.

Here, Plaintiff is attempting to convince the Court that having Mr. Hibner travel to Roswell, request production of all of the emails, and Defendants' refusal to do so is the

equivalent of new evidence because it happened *after* the briefing was completed.  The Plaintiff is not presenting new evidence, but instead describes a reenactment of the same scenario already played out between the parties *before* the motion was briefed and of which the Court was aware when it entered its Order denying Plaintiff's Motion to Compel.  The Plaintiff is not presenting new evidence, but rearguing an issue already decided by this Court.  Plaintiff's motion to reconsider the production of all emails based on new evidence is denied.

Plaintiff also claims that denying her Motion to Reconsider and failing to order the Defendants to produce all of the emails will result in manifest injustice.  The Court disagrees.  In considering whether there is clear error or manifest injustice, a court may reconsider its prior ruling if it has misapprehended the facts or a party's position.  Although the Tenth Circuit has not precisely defined "manifest injustice," that term is commonly defined as "[a] direct, obvious, and observable error in a trial court ..." *Tri-State Truck Insurance, Ltd., v. First National Bank of Wamego*, 2011 WL 4691933 (D.Kan. Oct. 6, 2011)(unpublished opinion)(quoting *Black's Law Dictionary* 1048 (9th ed. 2009)).  Given the facts and the parties' positions are unchanged since the Court entered its Order denying Plaintiff's Motion to Compel, there are no misapprehended facts or positions in the prior ruling for the Court to reconsider.  In addition, the  the Court does not find a "direct, obvious, or observable error" in the Court's Order.  Plaintiff has failed to show any manifest injustice.  Plaintiff's motion to reconsider the production of all emails based on manifest injustice is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Omayra Benavidez' Motion for Reconsideration Regarding Defendants' Refusal to Provide Email Communications Which Form Part of Their Defense is DENIED.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**